GEORGIA,
Chatham Co.
JUNE, 1810.

State
vs.
Couper.

*Minutes of Superior Court, letter G. p. 343.*

*Chambers, June* 14, 1810.

The STATE *vs.* JOHN COUPER.

BOND.

*Charlton,* Judge.

ON the 13th June, 1799, *John Couper,* by his bond or recognisance acknowledged himself indebted to the governor of the state in the sum of £5000 sterling, the condition of which is in the following words, viz. " Whereas fifty-two negro slaves have been imported into this state, in the schooner Liberty, captain Beldon, from North Carolina, the property of persons emigrating from thence, and addressed to the care of the said *John Couper:* the condition of this obligation is such, that if the said *John Couper,* or the proprietors of the said negroes shall produce such documents as the laws requires in such cases, or otherwise to deliver up the said negroes, on or before the sitting of the next Superior Court, then and in that case this obligation to be void, otherwise to remain in full force and virtue."

Upon the nonperformance, or the supposed nonperformance, of the terms stipulated in the condition of this bond, a *scire facias* was brought by Mr. *Bulloch,* the then attorney general. To this *scire facias* a plea was filed to the jurisdiction of the Superior Court of Chatham county, to which the writ was made returnable. This plea was founded upon the supposition, that the *scire facias* upon this bond was a civil action, and therefore should be tried in the county where the defendant resides. The investigation then must turn upon the question, whether this is a civil or criminal proceeding ?

GEORGIA,
Chatham Co.
JUNE, 1810.

State
vs.
Couper.

The condition of the bond alleges, that these fifty-two negroes were imported into the state by persons emigrating from North Carolina. This *scire facias* is, therefore, founded upon the infraction of the second section of the act to prohibit the farther importation of slaves into this state, which section is in these words : " that three months from and after the passing of this act, if any person or persons shall bring into this state, from any other state in the United States, any mulatto, mustigoe, or negro slave, or slaves of any age and sex, or make sale, or other disposition thereof to any of the inhabitants of this state, all and every person or persons so offending, shall forfeit and pay for the first offence, the sum of five hundred dollars, and for the second and every subsequent offence, one thousand dollars, for every mulatto, mustigoe, or negro slave, brought into this state, sold or otherwise disposed of, to be recovered in the Superior Court of the county where the *offence* shall happen, by bill, plaint, or indictment, one half to the use of any informer, who shall prosecute the defendant to conviction, the other half to the use of the state."

There are two methods designated in this section for the recovery of the penalty ; by action, and by indictment ; and whether the one, or the other of these remedies is pursued, this act calls the defendant an *offender*, and directs the penalty to be recovered in the Superior Court of the county, where the offence shall happen. But if an *action of debt* is brought for that penalty, the language and mandate of the act cannot convert it into a criminal proceeding. It must in that shape be considered as a civil proceeding, and the defendant possesses a constitutional and legal right of demanding a trial in the county where he resides. Is the form of the remedy pursued by the then attorney general, therefore, a civil or criminal proceeding ? A person removing into this state, with a view of settlement and permanent residence, may bring his slaves with him, having conformed with the requisites pointed out in the third section of the act.

GEORGIA,
Chatham Co.
JUNE, 1810.

State
vs.
Couper.

These requisites, Mr. *Couper* binds himself to prove, had been complied with, or to deliver up the negroes.

This bond, therefore, is a recognisance, or it is in the nature of a recognisance to appear at the next Superior Court, and to repel by the production of certain documents, any prosecution which might be commenced against him for an infraction of the law. Mr. *Couper*, did by his own act, compel Mr. *Attorney* to abandon the civil remedy by action, and to pursue the remedy by indictment. If this is a recognisance, and I can view it in no other light, it is a preliminary step to a prosecution by indictment. The proceeding therefore being a criminal one, the *scire facias* was correctly made returnable to the Superior court of the county where the offence was committed, and to which jurisdiction Mr. *Couper had consented* to render himself amenable.

If Mr. *Couper's* bond, however, is to be considered as a recognisance, it should have been regularly forfeited according to the form prescribed by the practice of the Superior Courts. This forfeiture being entered and noted on the minutes of the court, is the authority for issuing the *scire facias*. Whether the omission of this form heretofore adhered to, can produce any serious effect upon this *scire facias*, is a question I am not now called upon to decide. I have it as a subject for ulterior investigation.

Anticipating the result of my opinion on the plea to the jurisdiction of the Superior Court of Camden, I find the plea of *nul fiet* record has been filed at the last term. The record is before me, and I cannot, therefore, conjecture what is intended to be effected by that plea, unless it is intended to apply to the omission of entering, upon the minutes, the forfeiture of the recognisance, which the counsel for Mr. *Couper* may consider as essential to the establishment of the *sci. fa.* as a record.

I have given a decision in this case, with great reluctance, having before conducted the suit in the capacity of *attorney general ;* and I have used all the means in my power, to obtain a delay, for the purpose of having the case submitted to

the determination of another judge, but the case having been pending for ten years, and the maxim pressed upon me, " that a delay of justice was equal to a denial of it ;" and a decision being demanded as a legal right, I have, at length, given an opinion, which, I hope, is supported by the principles of law.

GEORGIA,
Chatham Co.
JUNE, 1810.

State
vs.
Couper.

The plea to the jurisdiction overruled.

*Miller*, for the State.

*Davis* and *Berrien*, for the Defendant.