Nicholson *vs.* The State of Georgia.

No. 54.—James B. Nicholson, plaintiff in error *vs.* The State of Georgia, defendant in error.

[1.] It is essential to a recognisance for the appearance of the conusor to answer to charges against him, that it show the cause of taking it.

[2.] A recognisance must stand or fall by itself; and if not good on its face by failing to specify the offence for which the accused is arrested and bound to appear and answer, parol evidence is inadmissible to supply the defect.

*Scire facias.* Upon recognisance to answer to a criminal charge. Tried before Judge Merriwether. In Green Superior Court. March Term, 1847.

The facts of the case, and the grounds of error alleged in the judgment below, are set forth in the opinion of the Supreme Court.

Cone, for the plaintiff in error.

The Attorney General for the State.

Judge Cone, in behalf of the plaintiff, made the following points:

First. In order to render valid a recognisance or bond taken for the appearance of a party at court, it is essential that it recite the cause of taking it; that the person taking it had the power to take such recognisance or bond; and that it should specify the offence with which the party is charged, and for which he is bound to appear at court to answer. 2 *Wash. C. C. R.*; 2 *Greenlf. Ev.* 62; 9 *Mass. R.* 520; 16 *Id.* 447; 4 *Id.* 641; 7 *Id.* 209; 1 *Stew. & Porter, R.* 465; 1 *Dana R.* 523, 165; 3 *United States Dig.* 326, *citing* 6 *Halst. R.* 126; 1 *Ala. R.* 114; 4 *Black. Com.* 296; 1 *Chitty Crim. L.* 85.

Second. Parol testimony is not admissible to explain, add to, or otherwise vary a bond, recognisance, or other contract, which by law is required to be in writing. 3 *Starkie on Ev.* 999, 1043; 2 *Constitutional R.* 740; 5 *Cowen,* 509; 1 *Id.* 121; 5 *Mass. R.* 411; 6 *Id.* 435; 15 *Wend.* 561.

*By the Court*—Lumpkin, J. delivering the opinion.

The writ of *scire facias* in this case was sued out on the alleged

forfeiture of a recognisance entered into by Jacob L. Broughton and James B. Nicholson, on the 10th day of April, 1845, whereby " they jointly and severally acknowledged themselves indebted to his excellency George W. Crawford, in the sum of three hundred dollars, for the payment of which they bound themselves, their heirs, executors, &c. with condition for the appearance of the said Jacob L. Broughton at the next term of the Superior Court of Green County, to be holden on the second Monday in September next thereafter, then and there to surrender himself to the same in terms of the law."

The writ recites the foregoing recognisance, and after setting forth the condition as quoted, adds, " meaning and intending that the said Jacob L. Broughton should appear at said court, as above stated, to answer to the charge of riot; for which offence he was then arrested, under and by virtue of a bench warrant issued from the honourable the judge of said court, and for which offence a bill of indictment was then and there pending against him."

It also recites the default of Jacob L. Broughton, and of the recognisor to produce him; and commands the sheriff to make known to the said Jacob L. Broughton and the said James B. Nicholson, to be before the said Superior Court of Green County, on a named day, to show or allege any matter or thing they have sufficient to discharge them from their said recognisance, or why final judgment should not be given thereupon against them for the said sum of three hundred dollars, with costs.

The recognisor, James B. Nicholson, through his counsel, objected to the motion of the Solicitor General to take judgment upon the bond, upon the ground that it did not state any offence for which Broughton had been arrested, and for which he was bound to appear and answer at court; which objection was sustained by the Court.

The Solicitor General then moved the Court to introduce parol evidence to supply this defect, and to prove that at the time the recognisance was taken, Broughton was under arrest by virtue of a bench warrant issued against him for the offence of riot, and that the bond was given for the purpose of compelling his attendance at the term therein specified, to answer for this crime. The defendant demurred to the competency of this testimony, but the objection was overruled by the Court, and judgment ordered to be entered up under the statute, for the penalty of the bond and costs. And thereupon Nicholson, through his counsel, excepted.

The more regular course undoubtedly would have been to [1.] have demurred to the writ of *scire facias*, as the bond was set out at length in the writ. The State's Attorney after reciting truly its condition, attempts by innuendo to extend its meaning and apply it to its proper subject matter. Still, as the record, by looking through it as we are bound to do, satisfies us that manifest error has been committed by the Circuit Court, it becomes our duty to correct that error.

The books are full of cases as to the necessity of a recital in the recognisance of the cause of the obligor's caption and the offence charged against him. In *Goodwin* vs. *The Governor*, 1 *Stewart & Porter*, 465, the Supreme Court of Alabama say, "The authority to take a recognisance should plainly appear, by a specification of the charge which is made against the party, and that the accused was bound to appear and answer a charge against him for a particular offence; and as the recognisance does not bind Cargill (the defendant) to appear and answer any *particular charge*, there is in this respect a material defect."

The case of *The Commonwealth* vs. *Silvanus Daggett*, 16 *Mass. R.* 447, was precisely analogous to this. It was a *scire facias* upon a recognisance, entered into before a justice of the peace, the condition whereof was, that the defendant should personally appear before the court for Duke's County, September term, 1818, then and there to answer such matters and things as should be objected against him in behalf of the Commonwealth, and should do and receive that which by the said court, should be then and there enjoined upon him, and not depart without leave. The defendant demurred to the writ. *Morton*, the Attorney General contended, that the record of the justice which came up with the recognisance, fully discloses the cause of taking it.

*Per curiam*—"It is essential to a recognisance, that it show the cause of taking it. There is here no reference to any previous proceedings, nor is any reason given why the defendant should be held to appear. The writ is adjudged bad and the commonwealth takes nothing by it."

The act itself under which this proceeding was had, by clear implication shows, that the offence should be stated. It is in these words: "when any person or persons shall enter into any recognisance or obligation, for the appearance of another to answer any indictment, information or presentment of a grand jury, *for any offence committed against the laws of this State*, and shall fail to pro-

duce the body," &c.   *Prince*, 470.   It is essential therefore to the validity of the instrument, that it appear on the face of it that the party stands charged with some crime against the laws of Georgia.

[2.] But it is needless to labour a point that is not controverted. When however the presiding judge conceded, as he was bound to do from the law, that it was necessary that the recognisance should recite the offence, he yielded every thing.   For if one principle of the law is better established than another, it is, that oral evidence shall in no case be received as a substitute for a written instrument . where the latter is required by law, or to give effect to a written instrument, *which is defective in any particular which by law is essential to its validity.*   To admit it, would be to allow the weaker evidence to usurp the place of the stronger, and to render the most solemn, authentic and permanent instruments of evidence which the law can devise, uncertain, inoperative and ineffectual. Where the law from principle or reasons of policy requires *written* evidence, to admit *parol* in its place would be to subvert the rule itself.   The same rule applies where the law prescribes a certain form of written evidence.   To *allow a defect in the instrument to be supplied by oral evidence, would be pro tanto to dispense with the law.*   Hence, in general, where the law requires a formal written instrument, *if the document offered in evidence be defective so that it cannot operate without collateral aid, the defect cannot be supplied by oral testimony.*   *Starkie*, 996, 997, 998.

As well attempt to gild the sunbeam, as to make clearer this lucid exposition of the law directly upon the point in issue.

In *Darby* vs. *Hunt*, 2 *South Car. R.* 740, in debt on a *ne exeat* bond, *Nott, Justice*, in delivering the opinion of the court says : "The Court must judge of the validity of this bond from the instrument itself. *If it is not good on the face of it, parol evidence could not make it so, and ought not to have been admitted.*"

The case is wholly free from difficulty.   The judgment below must be reversed and the cause remanded.