No. 9.—ROWAN SPICER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] It is no plea for a surety, that a bond was obtained by duress.

[2.] Bail is usually *absolute* in the first instance; still, if the Magistrate has been deceived, or taken insufficient bail, he may require fresh sureties. To entitle the sureties in the *second* bond to their discharge, they must aver, in their plea, that the first bond was good and sufficient. Is this a good plea to the second bond? *Quere.*

[3.] A recital in the judgment of forfeiture, that the principal and bail were called in open Court, and did not appear in terms of their undertaking, is sufficient.

[4.] The judgment of forfeiture need not specify the amount of the bond.

*Scire facias*, in Monroe Superior Court. Tried before Judge STARK, March Term, 1850.

On the third day of April, 1847, William Spicer, at that time the Jailor of Monroe County, was arrested "for aiding in the escape of Josiah Hudgins from the common jail of said County, convicted and under sentence of death for murder." He was brought before Benjamin King and Jonathan Johnston, Justices of the Peace in and for said County, and entered into a bond in the sum of $800, with Rowan Spicer as security, for his appearance before the Superior Court of said County, at the September Term following, to answer to said charge.

VOL IX 7

At March Term, 1848, the following judgment *nisi* was taken and entered of record:

STATE OF GEORGIA
*vs.*
WILLIAM SPICER,
ROWAN SPICER,
} *Bond to appear, &c.*

It appearing to the Court, that when the aforesaid cause was called in open Court, the aforesaid William Spicer was three times called, and required to appear in Court and defend his cause, and he having failed so to do, and the said Rowan Spicer, security for William Spicer upon said bond, having been likewise three times called and required to produce the body of his principal, and he having failed so to do: whereupon it is ordered, considered and adjudged by the Court, that said bond be forfeited to the State of Georgia, and that the Clerk of the said Court issue *scire facias*, in the terms of the law, requiring the said William and Rowan Spicer to be and appear at the next Superior Court of said County, to show cause, if any they have, why final judgment should not be taken on said bond, for the amount of the same, as well as cost," &c.

On the 14th day of August, 1848, a *scire facias* was issued against the defendants, returnable to the September Term of said Court, 1848, calling upon the defendants to show cause why judgment should not be taken upon their bond. The judgment *nisi* and the bond were recited in said *scire facias*.

To this action, the defendant, Rowan Spicer, by his counsel pleaded specially, in substance, as follows: " That plaintiff ought not to maintain his action against the defendant, because the said bond was unlawfully taken of this defendant, in this, that the said William Spicer, was, on the 18th day of March, 1847, required to enter into bond before the same Justices of the Peace, for his appearance before the Superior Court of said County, at September Term, 1847, to answer for the offence of aiding Hudgins to escape from the common jail of said County, and that the said William did enter into such bond in the sum of $800 with Josiah Spicer, John W. Thomaston and B. M. Brantley, as

Spicer *vs.* The State of Georgia.

his securities, who then and there justified, upon demand of the prosecution and order of said Justices; that afterwards, to wit: on the 30th day of April, 1847, the said William Spicer was again arrested for the offence of permitting said Hudgins to escape from jail, whilst he, the said William, was keeper thereof; that, whilst under said second arrest, for the offence last aforesaid, the said William was required to give another bond, conditioned to answer at the Superior Court for the offence first aforesaid, and did accordingly execute the bond sued on, and gave the defendant, Rowan Spicer, as his security; which last bond, defendant alleged, was void and inoperative, because the Justices had no authority to require it, and no investigation being had before them, as to the sufficiency of the first bond given.

On the trial of the cause, counsel for defendant moved the Court to strike defendant's plea, which motion was granted, and the plea ordered to be stricken, and the defendant excepted.

The plaintiff submitted in evidence the bond of William and Rowan Spicer, and then tendered the judgment *nisi;* to the introduction of which, counsel for defendant excepted. The Court overruled the objection, and the judgment *nisi* was admitted in evidence, and counsel for defendant excepted, and on these several exceptions has assigned the following errors in the rulings and decisions of the Court below:

1st. That the Court erred in striking out the plea of the defendant.

2d. The Court erred in admitting in evidence the bond and judgment of forfeiture, (so called,) because there was no record showing that William Spicer, the principal, was called and did not appear.

3d. The Court erred in admitting in evidence the above bond and judgment, because it was not a sufficient judgment of forfeiture.

1st. Because there was no recital or statement of a bond having been given, nor what was the foundation of said bond.

2d. Because the said judgment was void for uncertainty—the said judgment being for no amount, and in such general terms, that no judgment absolute could be rendered upon it.

Poe and Trippe, for plaintiff in error.

Sol. Gen. McCune, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] This is a proceeding by *scire facias* upon a bond to answer to a criminal prosecution. The bail only was served. He pleaded specially to the action, to the effect that his principal had already given bond for his appearance. A demurrer to the plea was interposed and sustained, and this constitutes the first ground of complaint in the bill of exceptions. It is alleged in the plea, and by the demurrer admitted to be true, that William Spicer, the principal, was arrested and brought before the committing Magistrates, for the offence of aiding in the escape of one Josiah Hudgins from the jail of which he, Spicer, was the keeper. And that he gave bond to answer to the charge; that some short time thereafter, another warrant was issued against him, for the offence of *permitting* the prisoner, while in his custody as Jailor, to escape; that while under this second arrest, he executed the obligation, which is the foundation of this action, and that he was discharged by the Justices. But the plea does not allege that the giving of this *second* bond by Wm. Spicer, was the condition of his discharge. Even if it did, it would constitute, we apprehend, no sufficient defence for the bail, who acted voluntarily in the premises. *Cro. C. C.* 16.

[2.] The plea is defective in another particular; it does not aver, except argumentatively, that the *first bond* taken was good and sufficient in law. It states that the securities *justified* upon being required to do so, and that no proof was produced to the Court of Inquiry, and no investigation had as to the sufficiency of this *first bond;* whereas, it should have affirmed, positively, that it was sufficient. Ordinarily, bail is absolute in the first instance; but if the magistrate be deceived, he may require fresh sureties. *Hawk. b. 2, c.* 15.

[3.] It is objected, that no judgment can be rendered upon the

*scire facias*—1st. Because there was no record, showing that William Spicer, the principal, was called and did not appear. 2d. Because the previous judgment of forfeiture was void for uncertainty ; the same being for no amount, and in such general terms, that no final judgment can be rendered on it.

· This Court, in *Park vs. The State*, (4 *Kelly & Cobb*,) held, that 4 *Ga.* 329 the record must show a judgment of forfeiture ; and this fact is fully evidenced by this record.   It recites, that William Spicer was called in open Court three times, and required to appear and defend his case, and that Rowan Spicer, the defendant, was called and required to produce the body of his principal, which he failed to do ;  whereupon, their bond was declared to be forfeited, and the Clerk was ordered to issue a *scire facias* thereon, in terms of the law.

By the Act of 1831, (*Prince*, 470,) it is provided that, whenever any person shall enter into any bond for the appearance of another to answer for any offence committed against the laws of the State, and shall fail to produce the body of his principal at Court, according to the tenor and effect of the bond, when required to do so, that it shall be the duty of the Solicitor General or prosecuting officer to forfeit said bond in the manner heretofore practiced in this State.

[4.] It is apparent, from the record before us, that all this has been done in this case.    Counsel for the plaintiff in error, assuming the Common Law doctrine, as contained in *Tidd, p.* 1091, and other works of practice, that a *scire facias* is founded on a *record*, and consequently, must be restricted to it, insist that, inasmuch as the judgment of forfeiture does not set forth the amount of the bond, there can be no recovery.    The answer to this is, that by the Statute which I have just recited, the Clerk is directed to issue the *scire facias* upon the *bond*, and that admitting the omission in the judgment of forfeiture to recite the amount of the bond to be fatal, by the English practice, still, it is fully obviated by our own legislation.

Upon all the grounds, then, taken in the bill of exceptions, the judgment below must be affirmed.