Smith *vs.* Kitchens *et al.*

---

JAMES M. SMITH, governor, plaintiff in error, *vs.* BENJAMIN F. KITCHENS *et al.*, defendants in error.

When A was arrested on a charge of assault with intent to murder, and gave bond to appear at the superior court to answer, etc., and upon the finding of a true bill, the judge issued a bench warrant, under which A was arrested and continued in the custody of the sheriff until the trial, during the progress of which he escaped from the custody of the sheriff:

*Held*, that the securities of the bond taken by the magistrate were discharged by the subsequent arrest under the bench warrant, and are not liable on their bond.

Criminal law.    Recognizance.    Bail.    Before Judge HERSCHEL V. JOHNSON.    Glasscock Superior Court.  August Term, 1873.

Smith *vs.* Kitchens *et al.*

This case arose upon a *scire facias* to forfeit a bond executed by Benjamin F. Kitchens, principal, and John F. M. Kitchens and William F. Kitchens, securities, conditioned as follows: "The condition of this recognizance is such that if the above bound Benjamin F. Kitchens shall personally appear at the next superior court to be held in and for said county of Glasscock, to be held on the third Monday in August next, to answer to such matters as shall then and there be charged against him by Joseph Kitchens, of said county, concerning the lying in ambush and attempting his life by trying to burst caps upon a loaded gun, and if he do not depart thence without leave of the court, then this recognizance to be void, else to remain in full force and virtue."

The facts were as follows: Benjamin F. Kitchens was arrested and carried before W. C. Langham, a magistrate, charged with the offense of an assault with intent to commit murder. After a preliminary trial, he was admitted to bail upon giving the bond above referred to. At the next term of the superior court, a true bill was found against him, and he was arrested under a bench warrant. He remained in the custody of the sheriff until he escaped by walking out of the court-room while his trial was progressing. No exoneretur was entered upon the minutes of the court. The principal was not delivered by his securities into the hands of the sheriff.

The aforesaid facts were set up by the securities in response to the *scire facias.* The *scire facias* was dismissed, and the plaintiff in error excepted.

JOHN W. ROBINSON, Solicitor General, by B. H. HILL & SON, for the plaintiff in error.

TWIGGS & WRIGHT, for the defendants.

McCAY, Judge.

We think the court below was right in holding these securities discharged. It would be a very bad public policy to treat the bond given by the defendant before a magistrate, as

inhibiting the judge of the superior court, either after or before indictment, from ordering the re-arrest of the defendant. These bonds are often taken without due consideration, and ought to be subject to the reconsideration of the matter by the judge. The case quoted from Texas seems at first sight very much in point, but it will be noticed that the new process was issued by the clerk. Here, after indictment found, the judge issues a bench warrant over his own signature and seal, ordering an arrest. That arrest was made, the party was in the custody of the sheriff, and escaped. It would, as it seems to us, be an outrage to charge the original securities with this escape. He was in the lawful custody of the sheriff. The securities could not control him. He was held by the sheriff for this very crime. We are not prepared to say this second arrest was illegal. We must do that to hold these securities liable, since if it was legal the state had, by its own lawful act taken the defendant out of the custody of the securities, to hold him for the very same offense. The course pursued in this case is the common practice in the state, and has been for many years. Especially after indictment found, the judge of the court where the indictment is, orders the re-arrest of one under bail, at his discretion. As we have said, it is a very proper thing often for the judge to do, and if such a power did not exist, it would be a great defect in our criminal law.

Judgment affirmed.