WILLIAM WRIGHT, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When a recognizance has been forfeited, the law requires that the clerk shall issue a *scire facias* thereon, returnable to the next term of the court; and if such officer allow the next term to pass, and then issued a *scire facias*, it was error in the court to render judgment thereon against the security at the succeeding term.

Criminal law. Recognizance. Bond. *Scire facias.* Before Judge HOPKINS. Clayton Superior Court. September Term, 1873.

For the facts of this case, see the decision.

COLLIER, MYNATT & COLLIER, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

WARNER, Chief Justice.

At the March term of Clayton superior court, 1872, a true bill was found by the grand jury against Peacock for the offense of fornication, who entered into a recognizance for his appearance at the September term, 1872, of said court, to answer said charge, with one Wright as his security. At the September term of the court, 1872, the said Peacock failed to appear, and his recognizance was adjudged by the court to be forfeited, unless at the next term of the court thereafter, to-wit: at the March term, 1873, the defendants should show cause why the judgment of forfeiture should not be made

final, and a *scire facias* was ordered to be issued. This judgment *nisi* is dated 3d September, 1872. No *scire facias* was issued in accordance with that judgment of the court returnable to the next March term, 1873, but a *scire facias* was issued by the clerk on the 23d of June, 1873, requiring the defendants to show cause at the September term of the court, 1873, why the said judgment *nisi* should not be made absolute and judgment entered for the full amount of said recognizance. At the September term, 1873, the court entered a final judgment on the recognizance against Wright, the security, the principal, Peacock, not to be found. Whereupon Wright, the security, excepted. The security has the right to insist that his liability to pay the recognizance should be fixed on him according to law. The law requires that when a recognizance has been forfeited, the clerk shall issue a *scire facias* thereon, returnable to the next term of the court, which shall be served at least twenty days before the return thereof, and if at such return term no sufficient cause be shown to the contrary, judgment, on motion, shall be entered against such principal and sureties, or such of them as have been served : Code, section 4703. In this case, the judgment *nisi* forfeiting the recognizance was rendered in accordance with the law, but the *scire facias*, as issued by the clerk, was not issued in pursuance of that judgment, or in accordance with the law, and it was error in awarding a judgment against the security on that *scire facias*. In rendering this judgment, we do not intend to express any opinion as to the right of the state again to forfeit the recognizance, or to have the judgment forfeiting it modified or amended, so as to have a *scire facias* issue in accordance with the provisions of the law and a judgment rendered thereon. We leave the parties to act in relation to that matter as they may deem proper. All that we now decide is, that the judgment rendered on the *scire facias* should be set aside as error.

Let the judgment of the court below be reversed.