## YOUMANS *v.* SLATON, Governor.

HILL, J. 1. On November 22, 1912, Glenn Ross executed a bond, with N. R. Youmans as surety, conditioned that if Ross "shall personally be and appear at the superior court of said county [Emanuel] to be held on the 2nd Monday in January, 1913, next, from day to day, and from term to term, then and there to answer a charge for the offense of assault with intent to murder (made by the grand jury of said county), and shall not depart thence without leave of said court, then the obligation to be null and void, else to remain of full force and virtue." The defendant had not been indicted when the bond was given, and he was not indicted at the January term, 1913, of Emanuel superior court. An indictment was returned at the April term, 1913, against Glenn Ross for the offense of assault with intent to murder. Failing to appear at the April term of court to answer the indictment against him, the solicitor-general caused a rule nisi to·be issued against Glenn Ross and his surety, N.·R. Youmans, returnable to the July term of Emanuel superior court. At the July term the surety, Youmans, moved to dismiss the rule, upon the ground that there had been no breach of the bond, because it was conditioned that Ross, the principal therein, should be and appear at the superior court of Emanuel county to be held on the second Monday in January, 1913, to answer a charge of assault with intent to murder "made by the grand jury of said county;" whereas there was at that time no charge made by the grand jury of Emanuel county against the principal to which he could answer—no charge was made until the April term, 1913, of the superior court. This motion was overruled by the court. The defendant also moved to dismiss the rule nisi, upon the ground that no warrant had issued for the detention of

Glenn Ross, and none for his arrest and detention was in existence. This motion was also overruled. No evidence was produced by either side, except the court records in the case, the whole of which are specified in the bill of exceptions. The court made the rule absolute. The defendant excepts to the rulings of the court overruling the motions to dismiss the rule nisi, on the ground that they are contrary to law. *Held*, that the bond, having been given before any indictment was found, plainly contemplated that it was to answer for any indictment which might be found, and the use of the expression "made by.the grand jury of said county" did not render such a bond void on its face, so as to furnish a ground to dismiss a proceeding to forfeit a recognizance for non-appearance of the principal.

2. The bond here involved sufficiently described the offense on account of which the principal was to appear. It was not essential to its validity that it should recite on its face that a warrant had issued, and that he had been arrested for such offense before giving the bond. Accordingly a motion, based on that ground, to dismiss the scire facias to forfeit the recognizance, was properly overruled.

(*a*) The bond here involved was different in its terms from that which was considered in *Nicholson* v. *State*, 2 *Ga.* 363, which simply bound the principal and surety for the appearance of the principal at the next term of the superior court, "then and there to surrender himself to the same in terms of the law," without specifying an offense or any reason for such appearance being required.

(*b*) If it would have furnished any defense as a matter of fact to show that there had been no such warrant for arrest, no evidence was offered by the defendant for that purpose.

*Judgment affirmed. All the Justices concur.*
JUNE 11, 1914.

Forfeiture of recognizance. Before Judge Rawlings. Emanuel superior court. July 25, 1913.

*T. N. Brown* and *Hines & Jordan,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.