### 12752.   EDWARDS *et al. v.* DORSEY, Governor.

A recognizance was void where conditioned for the appearance of the prin-
cipal to answer to a special presentment of the grand jury for what it
described as "the offense of shooting," this not being sufficient to de-
scribe an offense against the laws of this State; and the proceedings
based upon the recognizance were nugatory.

DECIDED APRIL 11, 1922.

Forfeiture of recognizance; from Floyd superior court — Judge
Wright.   July 2, 1921.

*Porter & Mebane,* for plaintiffs in error.

*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.

BLOODWORTH, J.   While it is not necessary that the offense
named in a recognizance be stated with the same degree of par-
ticularity as is required in an indictment, or that it be set out
specifically or in detail, "the offense described in the recognizance
must be one punishable by law;" and where it is not, the re-
cognizance is void.   The recognizance in the instant case is con-
ditioned for the appearance of the principal to answer to a special
presentment of the grand jury for "the offense of shooting," and
having failed to set out specifically or in substance an "offense com-
mitted against the laws of this State," or "an indictable one,"
or "one punishable by law," or to describe the offense with which
the accused stands charged, "with sufficient clearness to show of
what offense he is in fact accused," it is void, and all proceedings
based thereon are nugatory.   For this reason the trial judge erred
in overruling the motion in arrest of judgment based on such a
bond, and the judgment of the lower court must be reversed.   See
*Nicholson* v. *State,* 2 *Ga.* 365; *Vaughan* v. *Candler,* 113 *Ga.* 11
(38 S. E. 352).

*Judgment reversed.   Broyles, C. J., and Luke, J., concur.*