16029.   Fox <em>et al.</em> v. THE STATE.

JENKINS, P. J.: Where bail is taken prior to a commitment hearing, in order to bind the defendant to appear subsequently before a trial court to answer an indictment for the offense stated in the bond, the condition of the bond should indicate such requirement. Thus, where

a member of the county police, executing a warrant issued by a justice of the peace on an affidavit charging a person with the offense of "misd.," attested and approved a bond signed by the accused and sureties, conditioned only to appear "before the court-house" on the following day "and from term to term and from time to time thereafter as required, to answer to the charge of misd. of which he stands charged and for which he has been arrested," and the bond failed to indicate any trial court which might subsequently try the offense charged, and it only appeared from certain parol proof that the purpose of the bond was merely to require the defendant's appearance "at a committal trial before a justice of the peace" whose identity was not shown by the bond, and where it does not appear that such a commitment trial was held or waived by the defendant, and no other proceedings against him were had until an indictment was returned by the superior court of the county charging him with a criminal libel, the bond was insufficient as a legal basis for a scire facias issued by the superior court, upon motion of the solicitor-general, to forfeit the recognizance, on account of the defendant's failure to appear in the superior court to answer the indictment. The rule might be different if the accused had in effect waived a preliminary hearing by executing a bond conditioned to appear before some definitely described court having jurisdiction to try him for the criminal offense charged. See *Bird* v. *Terrell*, 128 *Ga.* 386 (1, 6) (57 S. E. 777); *Youmans* v. *Slaton*, 141 *Ga.* 795 (82 S. E. 231); *Hopkins* v. *State*, 5 *Ga. App.* 700 (63 S. E. 719); and Penal Code (1910), §§ 947, 948, 949, 918, 922, 933, as to commitment procedure. The court therefore erred in entering judgment against the sureties. 6 Corpus Juris, 995.

*Judgment reversed.　Stephens and Bell, JJ., concur.*

Decided May 18, 1925.

Forfeiture of recognizance; from Gordon superior court—Judge Tarver. August 27, 1924.

*M. B. Eubanks*, for plaintiffs in error.

*J. M. Lang, solicitor-general,* contra.