31740.   GARNER *v.* CHAMBERS, Clerk, for use, etc.

DECIDED OCTOBER 3, 1947.

*Wesley R. Asinof,* for plaintiff in error.

*Durwood T. Pye, Ralph H. Pharr, W. S. Northcutt,* contra.

FELTON, J. ■ While in England and in some jurisdictions of the United States a criminal bond or recognizance could be enforced by an action on the bond or an action on the debt, as early as the thirteenth century, 13 Edw. I, c. 45, the writ of scire facias came into use by statute and was employed for this purpose, and so far as we have been able to ascertain from an exhaustive search of the cases, proceeding by scire facias was the only method ever employed in Georgia. This procedure consisted of forfeiting the bond or recognizance by the issuance of a rule nisi over the judge's signature, the scire facias, the answer or plea, and the final judgment or rule absolute. We find this procedure being followed as early as *Reed* v. *Sullivan,* 1 *Ga.* 292, and as we have intimated we have found no reported case where the procedure has been otherwise in this State, and though there may be such a case which has escaped our notice, we think the act of 1831 makes the conclusion ineluctable that scire facias is the proper and only method of enforcing a criminal bond or recognizance in this State. The act of 1831 (Ga. L. 1831, p. 135), provides: "An act to make uniform the proceedings against bail in criminal cases. From and after the passing of this act, when any person or persons shall enter into any recognizance or obligations, for the appearance of another, to answer any indictment, information or presentment of a grand jury, for any offense committed against the laws of this State, or who shall be bound in any recognizance, bond or obligation, to prosecute or to answer to any criminal charge, or to give evidence in any criminal case whatever, and shall fail to produce the body of his or her, or their principal or principals, at the court, according to the tenor and effect of said recognizance, bond or obligation, when required to do so, then, and in that case it shall be the duty of the solicitor general or prosecuting officer to the several courts of this State, to which said recognizance, bond or obligation shall be returnable, to forfeit said recognizance, bond or obligation in the manner heretofore practiced in this State." Section II of the same act then provides: "It shall be the duty

of the clerks of the several superior courts aforesaid, to issue a scire facias on all forfeited recognizances, bonds or obligations against the principal and security, which shall be served by the sheriff or his deputy, under the same rules which govern service of writs in civil cases, returnable to the next court from whence the scire facias issued, and if no sufficient cause shall be shown to the contrary, judgment shall be entered up by motion against the principal and security for the penalty mentioned in said recognizance, bond or obligation." These provisions, with some amendments, are still contained in our Code as a part of our law. See Code, §§ 27-905, 27-906; Code (Ann. Supp.), §§ 27-905, 27-906. It would seem that in view of the title of the act stating that it was for the purpose of making the procedure to be followed in proceedings against bail in criminal cases *uniform* that there should be one procedure and that procedure, if we are to be guided by the express language of the enactment, was by scire facias, and in general, a statute which introduces a new rule of law, and directs a particular method of proceeding under it, will, although it has no negative words, debar any other mode. Since writing the above, the writer has discovered the case of *State* v. *Couper*, 1 *Charlton*, 306, decided June 14, 1810 by Judge Charlton, and while this statement may be obiter it is of interest upon the history of the method of forfeiting criminal bonds in this State: "If Mr. Couper's bond, however, is to be considered as a recognizance, it should have been regularly forfeited according to the form prescribed by the practice of the superior courts. This forfeiture being entered and noted on the minutes of the court, is the authority for issuing the scire facias." Generally, for discussions of the procedure for forfeiture of criminal bonds and recognizances, see: *Perkins* v. *Terrell*, 1 *Ga. App.* 250 (58 S. E. 133); *Wellmaker* v. *Terrell*, 3 *Ga. App.* 791 (60 S. E. 464); *Spicer* v. *State of Georgia*, 9 *Ga.* 49.

■ The petition alleges that on May 21, 1946, when the defendant failed to appear upon the call of the case against him the bond was duly forfeited. This petition was filed in the office of the Clerk of the Civil Court of Fulton County on March 25, 1947 and the security was served therewith on March 27, 1947, the process requiring her to appear on the first Monday in April, 1947, to answer. "The security [on a criminal bond or recog-

nizance] has the right to insist that his liability should be fixed upon him according to law. The law requires that when a recognizance has been forfeited, the clerk shall issue a scire facias thereon, returnable to the next term of court . . but the scire facias, as issued by the clerk was not issued in pursuance of that judgment, or in accordance with law, and it was error in awarding judgment against the security on that scire facias." *Wright* v. *State of Georgia,* 51 *Ga.* 524. In the *Wright* case the recognizance was forfeited at the September Term, 1872, and the scire facias was not issued until June 23, 1873, requiring the defendants to show cause at the September Term, 1873, and the court in holding that the scire facias came too late said: "When a recognizance has been forfeited, the law requires that the clerk shall issue a scire facias thereon, returnable to the next term of the court; and if such officer allow the next term to pass, and then issued a scire facias, it was error in the court to render judgment thereon against the security at the succeeding term." In this case almost a year had elapsed between the alleged forfeiture and the issuance of the scire facias, and for that reason the court erred in overruling the general demurrer to the petition, and that error renders all further proceedings nugatory.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*