### 39912. HOLCOMB v. VANDIVER, Governor, etc.

BELL, Judge. 1. This was a scire facias action for the forfeiture of a bond upon which the defendant was security. The forfeiture was sought because the principal did not appear in court at the call of the case against him. The condition of the bond was "That the above bound Jack Holcomb shall

personally appear at the superior court holden in and for said county on the 10:00 A.M. 8th day of May, 1961, next and from day to day and term to term thereof and to abide the final order of this court until discharged by law, to answer the offense of _____ as charged in the affidavit of _____ then the obligation to be null and void, else in full force and effect."

The trial court entered judgment against the defendant security in the amount of $1,000 and costs. The defendant excepted to the entering of judgment on the grounds that it was contrary to law and to the evidence and without evidence to support it. At the hearing the sheriff testified that the principal on the bond had appeared before the ordinary in a habeas corpus case and that the principal was placed under bond at the habeas corpus hearing before the ordinary. The failure of the principal to appear at a subsequent hearing is the reason for the present action.

The security contends that the bond was not enforceable because it failed to refer to any case or proceeding to which the principal was a party or in which he had any interest or to show any reason why the principal should appear in court.

In *Nicholson v. State,* 2 Ga. 363 (1), the Supreme Court held that it is essential to a valid recognizance "for the appearance of the conusor to answer to charges against him, that it show the cause of taking it," and that for the instrument to be valid it must appear on the face of it that the party stands charged with some crime against the laws of Georgia, and if this is not shown on the face of the instrument, parol evidence is not admissible to supply the defect in the recognizance. "As well attempt to gild the sunbeam, as to make clearer this lucid exposition of the law directly upon the point in issue." Lumpkin, Justice, Ibid., 366. *Nicholson* has been repeatedly followed, and we are unable to find any statute modifying its holding. The bond was thus not binding upon the principal, and under an elementary rule of the law of suretyship, if the principal is not obligated, neither is the security. Cf. *Fox v. State,* 34 Ga. App. 74 (128 SE 222); *Hardwick v. Shahan,* 30 Ga. App. 526 (118 SE 575); and *Edwards v. Dorsey,* 28 Ga. App. 437 (111 SE 687).

2. The defendant's security urges that, since the principal appeared in court a few days after the bond was given, even if

the bond were binding upon the security, the appearance discharged him, citing *Smith v. Kitchens,* 51 Ga. 158 (21 AR 232); and *Benson v. Harris,* 19 Ga. App. 328 (91 SE 491). We do not agree. In *Smith* the bond was merely conditioned upon the appearance of the principal at the next superior court for the county named to be held on the third Monday in August. In *Benson* the accused for whom the bond was given was arrested under a bench warrant and taken into custody by the sheriff from whose custody he escaped. At the time of the arrest under the warrant, he was charged with a more serious offense than that for which the bond was given. The bond in the present case was not for the appearance of the principal for a particular term but for a stated term, from day to day, from term to term of the court, and to abide the final order of the court until discharged by law. The second contention of the defendant is without merit.

Since the bond was not binding upon the security for the reasons stated in Division 1, the judgment against him was erroneous and the judgment is

*Reversed. Carlisle, P. J., and Hall, J., concur.*

DECIDED JANUARY 31, 1963.

*T. C. Burton, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Ben F. Carr, Solicitor General, Gross, Stowe & Sheppard, McClure, Ramsey & Struble,* contra.