## 53569. HANKERSON v. STATE OF GEORGIA.

McMURRAY, Judge.

This case involves an appeal by a surety from the judgment of the Superior Court of Richmond County on a scire facias for forfeiture of a recognizance bond against the surety on the said bond. Following the issuance of the rule nisi the surety answered contending the bond was void, there being no designation as to the amount of the bail, no designation of the offense charged and that he had made repeated attempts to surrender the principal, but that the sheriff's office, without justification, refused to accept said surrender. A motion to dismiss the rule nisi was also made on many of the issues contained in the answer.

After discovery (request for admissions, interrogatories and affidavits), the matter came on for a hearing as to the answer and motion to dismiss the petition for writ of scire facias. The court treated the hearing as one on motion for summary judgment, that is, a motion to dismiss in which matters outside the pleadings are presented. The court then found the facts appear to be undisputed; the surety executed the criminal recognizance bond as surety in blank in the presence of a

person to whom the surety had not authorized to fill in the blanks, and at the time the surety signed the bond he did not know the particulars that were to be filled in the blank spaces on the bond, and the blank spaces were later filled in by someone outside the presence of the surety and without his express authority. Nevertheless, the court held as a matter of law, the surety having signed this bond he is liable to the State of Georgia thereon, and the fact that the surety had no knowledge of these facts (later filled in), they had no effect upon the obligation of the surety. Whereupon, he ordered that the State of Georgia recover in the amount of $5,000 together with costs. The surety appeals. *Held:*

Examination of the record, including the interrogatories, affidavits and requests for admissions, discloses that there was a conflict in the testimony before the court at the hearing as to all the issues involved. It also appears from this evidence that the facts as found by the court to be undisputed were disputed in every particular. Nevertheless, the court found the facts to be as contended by the surety that the bond was executed in blank, other than the individual that the state contends he executed the bond before, and that the surety did not know the particulars that were to be filled in the blank spaces on the bond, that is, as to the amount and as to the charge, and same were later filled in by someone outside the presence of the surety and without his express authority. The court then found that the surety was liable for the bond.

Only if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law shall a summary judgment issue. While evidence here was sufficient for the court as a finder of fact to have rendered its judgment in a hearing on the rule nisi, nevertheless, on summary judgment if there are conflicting issues of fact then the court erred.

In granting the *oral motion for summary judgment as made by the state* in a hearing of *defendant's motion to dismiss treated as one for summary judgment,* the judgment would be correct only if the judgment is demanded by the pleadings and evidence. The court was in error in holding as a matter of law that the bond was in

full force and effect as the court found the surety had no knowledge of the amount of the bond or the obligation and did not authorize anyone to fill in these amounts.

In order to bind the surety, the language of the bond, as written, must contain the complete agreement. See *Caldwell v. Rogers,* 140 Ga. App. 231 (230 SE2d 368). Accepting the evidence of the surety as true, the bond was executed in blank, and the surety was not obligated to pay anything. *Boozer v. City of Atlanta,* 18 Ga. App. 732 (90 SE 492). Nor did it set forth the offense charged, and the recognizance was void. *Edwards v. Dorsey,* 28 Ga. App. 437 (111 SE 687).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 28, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED MAY 13, 1977 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Joseph H. Fowler,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.