## 57066. GUNSALLUS v. BUSBEE.

QUILLIAN, Presiding Judge.

Appeal was taken from an order by the State Court of Forsyth County overruling appellant's motion to set aside a judgment entered on an appearance bond.

The bond in question is styled: "Appearance Bond and Notice of Arraignment; Georgia, Forsyth County." It bound the principal and security in the penal sum of $800 and was dated April 12, 1977. It further provided: "The condition of above obligation is such that the above bound principal shall be and appear at the next Court of said County, to be held on the 3rd Monday in May next, 1977 . . ." Contained on the bond is a "Notice of Arraignment" which is signed by the clerk of the superior court. However, the accusation was by the solicitor of the State Court of Forsyth County and the action was brought against appellant, surety on the bond, for the principal's failure to appear before the the state court.

In *Hardwick v. Shahan,* 30 Ga. App. 526 (1) (118 SE 575) a criminal recognizance was headed "State of Georgia, Walker County" and required the principal to "be and appear at the ———Court of 871 District C.M., at 10 o'clock — M., on 28 Feb. 1921" etc. It was held that the bond was defective and this court pointed out "A

criminal bond must designate with some certainty the court at which the principal is to appear."

A recognizance must stand or fall by itself and parol evidence is inadmissible to supply a defect. *Nicholson v. State,* 2 Ga. 363 (2). Where the bond forfeited is void on its face, a motion to set aside is proper. *Cullifer v. State,* 101 Ga. App. 231, 233 (113 SE2d 218).

Recognizances are construed strictly in favor of the bail or surety. *Roberts v. Gordon,* 86 Ga. 386, 387 (12 SE 648). Accord, *Colquitt v. Smith,* 65 Ga. 341, 342. Moreover, the bond must be binding upon the principal. For "under an elementary rule of the law of suretyship, if the principal is not obligated, neither is the security." *Holcomb v. Vandiver,* 107 Ga. App. 281, 282 (129 SE2d 879).

Here the terms of the bond did not specify before which court in Forsyth County the principal should appear. Applying the rules above set forth we therefore find the bond to be defective and unenforceable against the surety.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

Submitted January 15, 1979 — Decided February 21, 1979.

*Lipscomb, Manton & Johnson, Lynwood D. Jordan, Jr.,* for appellant.
*Stan Gault, Solicitor,* for appellee.