## 64573. OSBORNE BONDING COMPANY v. STATE OF GEORGIA.

BIRDSONG, Judge.

Osborne Bonding Company moved to set aside the rule absolute giving judgment on a bond forfeiture. The trial court refused to set aside the rule absolute, and Osborne appeals. *Held:*

These bond forfeiture proceedings are void on the face of the record and must be set aside. *Gunsallus v. Busbee,* 149 Ga. App. 109, 110 (253 SE2d 470); Code Ann. § 81A-160 (d).

There is no bond in the record nor any document showing that Osborne bound itself as surety for the appearance of the criminal

defendant in court. On March 21, 1980, the clerk of court issued a scire facias requiring Osborne to show cause on the first Monday of May, 1980, why judgment should not be entered on the bond. This scire facias shows on its face it was not served until July 23, 1980. The superior court issued rule absolute against Osborne on November 4, 1980 in the amount of $50,000.

Code Ann. § 27-906 provides: "The clerk shall issue a scire facias on all forfeited bonds, recognizances, or other obligations, returnable to the next term of such court, or to the term following the next term of such court if so ordered by the presiding judge of such court, against the principal and his sureties, which shall be served by the sheriff or his deputies at least 20 days before the return thereof. . . ." The scire facias in this case was not served upon the surety until two months *after* the return date. According to Code Ann. § 27-906, the court could have made the scire facias returnable at a later date, or reissued the scire facias as returnable on November 4, 1980, "if so ordered by the presiding judge"; but it did not do so. The proceedings were defective. The trial judge, at the motion to set aside, stated that the surety did appear on November 4 and said that it had no objections "to the issues" and that he [the judge] remembered "distinctly that it was $50,000." But the *record* is defective on its face and the *record* does not show that these defects were waived.

"The security has the right to insist that his liability to pay the recognizance should be fixed on him according to law." *Wright v. State,* 51 Ga. 524, 525; *Garner v. Chambers,* 75 Ga. App. 756, 758 (44 SE2d 507). "Recognizances are construed strictly in favor of the bail or surety." *Gunsallus,* supra, p. 110. The trial court erred in refusing to set this judgment aside for nonamendable defects on the face of the record, and in holding that the appellant Osborne waived any such nonamendable defect where the same does not appear in the record.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 29, 1982.

*Stephen E. Boswell,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.