### 71863. OSBORNE BONDING COMPANY v. HARRIS.

(345 SE2d 116)

BEASLEY, Judge.

Osborne Bonding appeals from a final judgment entered on a forfeited bail bond. Error is assigned because it is contended that the forfeiture proceedings were not commenced immediately and that the hearing was not set at least ninety days after the failure to appear. Appellant argues that where the record shows on its face noncompliance with the statutory requirements, the judgment should be set aside. *Osborne Bonding Co. v. State,* 163 Ga. App. 648 (295 SE2d 577) (1982).

The code requirements are found in OCGA §§ 17-6-70 and 71 (a): "A bond forfeiture proceeding shall be commenced immediately upon the failure of appearance of a principal of any bond or recognizance given for the appearance of that person . . . The judge shall upon the failure to appear set an execution hearing for a date at least 90 days after the failure to appear or as soon thereafter as the case may be heard. Notice of the hearing shall be mailed by first-class mail by the clerk of court to the principal and to each surety at the addresses given on the bond."

There is no transcript of proceedings and no showing as to when the failure to appear occurred. The record reveals only that an order issued on August 29, 1985, notifying the parties of a hearing on September 16, 1985. Thus, there is nothing to show the proceedings were not commenced immediately after the failure to appear or that the hearing date in any way violated the "at least" 90-day requirement. Appellant had the burden of showing both error and harm. *Whitby v. Maloy*, 150 Ga. App. 575 (2) (258 SE2d 181) (1979). Neither has been established.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 5, 1986.

*T. Michael Martin*, for appellant.

*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.