### Ex Parte HENRY COOK on Habeas Corpus.

ISSUING BENCH WARRANT, AFTER INDICTMENT FOR FELONY, AGAINST PARTY ON BAIL TAKEN BEFORE INDICTMENT.—The petitioner, who had surrendered himself into the custody of the Sheriff on a charge of murder, and had been admitted to bail by the County Judge, was thereafter indicted for murder by the Grand Jury of the proper county; whereupon he was again arrested and held in custody by the Sheriff, under a bench warrant therefor, issued by the County Court : Held, that the Court did not exceed its jurisdiction in issuing the bench warrant, and that the detention of the petitioner under it was lawful.

IDEM.—The County Court is not fettered in the exercise of its jurisdiction over the person of the defendant, after an indictment has been found against him, by reason of any proceedings previously had in the premises. If bail has been taken, and is deemed sufficient security for the defendant's appearance, the Court may permit it to stand; if not, the Court may order him into custody either for the purpose of procuring additional bail, or for his detention until trial, if deemed by the Court to be a case in which bail ought not to be taken.

ORIGINAL writ issued out of the Supreme Court, and heard at Chambers before SANDERSON, J.

The facts are stated in the opinion.

*Wells*, and *Coffroth*, for Petitioner.

*The District Attorney of Solano County*, for the People.

*Per* SANDERSON, J.:

On the 30th of January, 1868, the petitioner surrendered his person to the custody of the Sheriff of Solano County, to answer a charge of murder, alleged to have been committed by him, on that day and in that county, upon the person of one Charles Turcke. Thereupon the Sheriff took him before a Justice of the Peace in that county, where he waived an examination and was committed. Thereafter, under a writ of *habeas corpus*, he was admitted to bail by the County Judge in the sum of eight thousand dollars, which he gave, and was discharged from custody.

At the next term of the County Court held in that county the Grand Jury found and presented against him an indictment for murder, and thereupon, upon the motion of the District Attorney, the Court issued a bench warrant for his arrest, under which the Sheriff arrested him and now holds him in custody.

The petitioner claims he is entitled to be discharged upon two grounds:

First—Because the County Court, in issuing the warrant under which he is held, exceeded its jurisdiction.

Second—Because the Court issued the warrant in a case not allowed by law.

If either is found to be the case, he must be discharged, for it is provided by the twentieth section of the statute in relation to the writ of *habeas corpus*, that where it appears from the return to the writ that the prisoner is in custody under process from any Court of this State, or Judge or officer thereof, he shall be discharged if certain conditions are found to exist, among which are the grounds above stated.

The County Court has jurisdiction, by the intervention of a Grand Jury, to inquire of all public offenses committed or triable in its county, (Judiciary Act, Sec. 32,) and upon the presentation of indictments by that body, to make all orders

and issue all writs authorized by law to secure his person and bring him to trial in the proper tribunal. (Crim. Prac. Act, Secs. 234, 261–270.) If the indictment be against a defendant not in custody, the Court may issue a bench warrant for his arrest, (Secs. 234, 261;) if against a defendant not in custody, but out on bail, and the indictment is for a felony, the Court may nevertheless order him into custody if he be present, and if not, may issue a bench warrant for his arrest. (Secs. 269, 270.)

The statute is not, perhaps, as clear upon this question as it might be made, but enough is said to show that it is not intended to fetter the County Court in the exercise of its jurisdiction over the person of the defendant, after an indictment has been found against him, by reason of any proceedings previously had in the premises. On the contrary, if bail has been taken, it has been taken to secure his appearance at the County Court, and to hold him amenable to its orders and process, (Sec. 516,) the same as if he were in actual custody. If that Court is of the opinion that the bail already given is sufficient security, it may allow it to stand unchanged, but if not, it has the power to order him to give additional bail or go into custody; and if, in its judgment, it is a case in which bail ought not to be taken, the Court may order him into custody notwithstanding any bail which may have been given before the indictment was found. It would be anomalous to hold that the Court can, as it undoubtedly may, compel the defendant to come into Court by its warrant for the purpose of giving additional bail or going into custody on a bailable offense, and yet cannot compel him to come into Court and go into custody on a charge which may not be bailable at all.

Let the prisoner be remanded to the custody from which he came.