# *Ex parte* Walter A. Skelton *et al.*

# and

# Skelton v. Robinson.

*Application for Habeas Corpus and Mandamus.*

1. *Habeas corpus; where bail is fixed on preliminary hearing, defendant is entitled thereto, notwithstanding an indictment is found.*—Where upon preliminary trial of a felony, before a committing magistrate, the defendant is admitted to bail, and, upon failure to give the bail prescribed, is committed to jail upon *mittimus*, with the endorsement thereon required by the statute, he is entitled, at any time thereafter, before trial, to give the bail prescribed by the magistrate and be discharged from custody, notwithstanding a term of the court has passed and an indictment was found for the offense which he was committed to answer.

APPEAL from Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

Walter A. Skelton was arrested upon complaint and warrant charging him with the murder of R. C. Ross. Upon preliminary trial before the judge of probate, who issued the warrant, he was admitted to bail in the sum of $7,000 to answer an indictment to be preferred against him in the circuit court of Jackson county, for said murder, and failing to give it, he was committed to jail upon a *mittimus* duly issued and endorsed by the judge, as required by the statute (Code, §§ 4289, 4291). At the next term of the circuit court an indictment was

[*Ex parte* Walter A. Skelton *et al.* and Skelton v. Robinson.]

regularly found and filed against him for said offence of murder. After the adjournment of the term, he offered to the sheriff to give the bail prescribed by the committing judge and endorsed upon the *mittimus*. The sheriff refused to take the bail and discharge the petitioner, on the ground that his authority to do so, under the *mittimus* and endorsement thereon, had ceased by reason of the meeting and adjournment of the circuit court and the finding of said indictment.

Whereupon said Walter A. Skelton, on March 22, 1894, applied to the judge of probate of Jackson county for a writ of *habeas corpus*, and upon the hearing of this petition before said probate judge on March 24, 1894, he held that the order theretofore made by him allowing the petitioner bail was inoperative and void, and therefore denied the petitioner bail, and remanded him to jail. The petitioner renews his application for *habeas corpus* to this court.

On the same day, the petitioner was denied bail by the probate judge, he applied to the judge of the circuit court for a *mandamus*, directed to Thomas J. Robinson, the sheriff of Jackson county, commanding him to discharge the petitioner on his executing a sufficient bail bond as prescribed by the committing judge. On the hearing of this petition for *mandamus*, the judge of the circuit court denied the same, and from this judgment the petitioner appeals. These two causes were submitted in this court together.

GEORGE C. HUNT, WILLIAM RICHARDSON and D. D. SHELBY, for appellant.—The probate judge had the same authority and jurisdiction to admit to bail and fix the amount on the preliminary hearing that he would have had on petition for *habeas corpus*. If he had fixed it on *habeas corpus*, the judgment would have been *res adjudicata* and conclusive and is equally so when fixed on preliminary trial.—*Ex parte Jilz*, 27 Amer. Rep. 218; *Johnson Steele St. R. Co. v. Wharton*, 14 Sup.Ct. Reporter, 608; *Perry v. McLendon*, 62 Ga. 598; *People v. Cunningham*, 3 Parker Cr. Rep. 531; Church on *Habeas Corpus*, (2d Ed.) § 386, and note 2; Wells on *Res Adjudicata*, §§ 414, 421.

WM. L. MARTIN, Attorney-General, and R. W. WALKER, for the State, cited Code of 1886, §§ 4288, 4408–4411,

[Montgomey Furniture Co. v. Hardaway *et al.*]

4761–4782 ; *Callahan v. State*, 60 Ala. 65 ; *Jones v. State*, 63 Ala. 161 ; *Antonez v. State*, 26 Ala. 81; *Flanagan v. State*, 46 Ala. 703 ; 9 Amer. & Eng. Encyc. of Law, 163.

HEAD, J.—These cases are submitted and tried as one. Upon due consideration, the court is of opinon that the petitioner, Skelton, is entitled to be discharged from custody, upon his giving bail, with sufficient sureties to be approved by the sheriff, under and in pursuance of the order of the judge of probate, sitting as a committing magistrate, made on the 19th day of February, 1894, admitting the petitioner to bail in the sum of seven thousand dollars, and the *mittimus* and endorsement thereon issued and made by said judge. It sufficiently appears that the sheriff refused to pass upon and determine the sufficiency of the sureties and form and substance of the undertaking offered to him by the petitioner, and to admit petitioner to bail, if the bond so offered was sufficient, on the ground that he had no authority to take bail in the case. Therefore, an order will be here entered that a peremptory writ of *mandamus* issue toThomas J. Robinson, sheriff of Jackson county, commanding him to discharge the petitioner, upon his entering into bond in the penal sum of seven thousand dollars, in form and substance as required by law, with sufficient sureties, to be approved by him, the said sheriff, for the appearance of the petitioner, to answer an indictment pending against him in the circuit court of Jackson county for the offense of murder.

BRICKELL, C. J., not sitting. COLEMAN, J., expresses no opinion.