# *Ex parte* Robinson.

*Application for Mandamus.*

1. *One preliminary trial no bar to a second; right to bail.*—Where a person charged with a capital offense, has a preliminary trial before a magistrate, who commits him to jail, and fixes the amount of bail to be required, which is not given, and subsequently, upon a warrant charging the same offense, a second preliminary trial is had, wherein the defendant is committed to jail without bail, and at the following term of the circuit court, an indictment is found against the defendant jointly with two others, no order being made in the case at such term, except the granting of a severance    *Held:* (1) The first preliminary trial was no bar to the second. (2) The defendant was not entitled to a discharge on bail upon offering a bond in the amount fixed on the first trial.    (*State v. Skelton*, 104 Ala. 98, overruled. HEAD, J., dissents from overruling said case.)

APPEAL from Talladega Circuit Court.
Tried before the Hon. L. F. Box.
The facts of this case are sufficiently stated in the opinion.

C. C. WHITSON, for appellant.—The appellant having been regularly committed by the magistrate, the proceeding before the city court was void, and he was entitled to discharge upon offering the bond as shown in the record.—*Skelton's Case*, 104 Ala. 98; *Garlic v. Dun*, 42 Ala. 404; *Dunbar v. Frazier*, 78 Ala. 532; *Ex parte Pruitt*, 99 Ala. 225; *Shields v. State*, 86 Ala. 536; *L. & N. R. R. v. Barker*, 96 Ala. 435.

11

No brief for appellee came to the reporter.

COLEMAN, J.—Upon an affidavit made before a justice of the peace charging the petitioner with the offense of murder, the justice issued a warrant for his arrest, and upon preliminary examination fixed his bail at one thousand dollars. In default of making the bond petitioner was committed to jail. Subsequent to the arrest upon the warrant issued by the justice of the peace, affidavit was made before the judge of the city court of Talladega, charging the petitioner with the same offense, and the judge issued a warrant of arrest for the petitioner. A second preliminary trial was had, which resulted in the commitment of the petitioner to jail without bail. At the following term of the circuit court the grand jury indicted the defendant, and two others jointly for murder in the first degree. The term of the court expired and adjourned without any order having been entered in the cause further than the granting of a severance to petitioner. Several months afterwards, petitioner executed a bond in the sum of one thousand dollars with sufficient security, as prescribed by the justice of the peace, and offered it to the sheriff and demanded bail. The sheriff refused to admit the petitioner to bail. He then applied to the circuit court judge for a writ of mandamus to compel the sheriff to accept the bond and admit him to bail. The circuit court judge denied the writ, and petitioner appealed to this court. There was no question made as to the sufficiency of the securities to the bond offered as bail.

The first question is whether the judge of the city court had jurisdiction to hold a second preliminary trial. Except for the constitutional right and statute law, which declare that a person shall not be put in jeopardy twice for the same offense, there does not seem to be any legal prohibition of more than one prosecution, unless the question fall within the principle, that final judgments of courts of competent jurisdiction are conclusive upon all other courts of no higher jurisdiction. Conceding then that the justice of the peace, and the judge of the city court, as magistrates, had equal and concurrent jurisdiction, the questions are, whether the party is in jeopardy withing the meaning of that term, when he is put upon a preliminary trial before a magistrate, who

has no jurisdiction to try him for the offense. Clearly not. It is not necessary to cite authority or present an argument on this proposition. No order of the committing court, whether it discharges or commits the defendant, will support a plea of acquit or convict. Will such an order bar a second preliminary examination? There is no statute which has declared such to be its effect. It is contended, that unless this is the rule, a party may be subjected to as many arrests as there are magistrates in the county. This is the argument of *ab "inconvenienti."* But it is admitted, and that is the law in this State. (*Crawlin case*, 92 Ala. 101; *Nicholson case*, 72 Ala. 176) that if the defendant be discharged upon preliminary investigation by the magistrate, he may be arrested on a second warrant. If this be true, under this rule he is subject to as many arrests as there are magistrates in the county, at least until one is found who is willing to commit or require bail. But if the order of the magistrate is final and conclusive on other magistrates, it is because of the jurisdiction to make a final order, and not because of the particular conclusion reached by the justice of the peace. The order would be equally final and binding, whether the defendant be discharged or committed. There is no answer to this proposition. It would also conclude a warrant issued upon the finding of a coroner's inquest, for this merely secures a preliminary investigation.—Cr. Code, § 4809.

There being no statute on the subject, what is the rule at common law? In the case of *Clark v. Cleveland*, 6 Hill Jr. 349, (N. Y.) in a well considered opinion, by Cowen, J., it was held that a second arrest under the same warrant was not illegal. In a subsequent case, *Doyle v. Russell*, 30 Barbour, 300, the opinion in 6 Hill *supra* was criticised so far as that case upheld the validity on the second arrest on the *same* warrant, the court being of the opinion that the first warrant had expended itself by the first arrest and bail. There did not seem to be any question as to the right to arrest on a second warrant. In 2 Hawkins Pleas of the Crown, chapter 13, section 9 seems to support the view expressed in 30 Barbour *supra* as to the invalidity of a second arrest on the same warrant. We cannot find anywhere in the common law, nor decisions in the absence of statute, the doctrine that an order by a magistrate on preliminary examination is

a bar to a second preliminary examination. The old books abound with cases for malicious prosecution, growing out of unnecessary or repeated arrest. The law affords redress to the arrested party in all such cases.

There are cases where parties were held to bail with surety in civil actions. In such cases, when the bail bond was directed to stand as security for the debt, it was held that a second arrest would not lie, without surrendering the security. The reason was that the debtor having obtained security for his debt by the writ and bail, he could not in justice and good faith hold the security and by the writ imprison the debtor, or force him to furnish additional security. The creditor was required to show some sufficient ground for the second arrest.— *Wilson v. Hamer*, 1 Dowling Practice cases, 248.

We have discussed the question on the theory that the defendant was arrested the second time in a legal sense, but we are of opinion such is not the case. A re-arrest implies, that the party had been released, either on bail or by discharge or by the voluntary act of the person having him in legal custody.

In the case before us the petitioner was in jail, in default of giving the bond, both when he was brought before the city judge for preliminary investigation, and when the indictment was returned into court. There were no sureties whose rights could be interfered with by the action of the committing court. When on bail, the person charged is in the custody of his surities. They have the right to surrender their principal at any time, and have him committed to jail. We cannot preceive any good reason for holding that the sureties may relieve themselves from the responsibility of his custody by putting him in jail and at the same time hold, that the state which has him in custody may not retain him by virtue of a second commitment or an indictment preferred against him.

Section 4787 of the Criminal Code provides that when a party has been discharged on habeas corpus, he cannot be arrested again for the same offense unless he has been indicted, or unless he was discharged for defect of proof, and was again arrested on sufficient proof—a provision wholly unnecessary, if the order discharging one defendant afforded protection against re-arrest without the statutory provision. By implication the

statute admits he may be re-arrested after indictment. There is a very satisfactory reason for this rule in habeas corpus cases. The jurisdiction to hear and fix bail in habeas corpus cases, is conferred by statute on certain officials, who are presumed to be more learned in the law, and further removed from and less liable to be moved by improper influences than many of the officers having jurisdiction for commitments. The case of *Ingram v. The State*, 27 Ala. 19, when tested by the facts stated in the opinion, is not authority to the contrary. The opinion rests solely upon the ground that a justice of the peace has no authority to issue a warrant of arrest upon the ground that the bail taken by the defendant was insufficient or had become insufficient. The authority of a justice of the peace is prescribed by law and he has no other in matters of arrest. There is no provision which gave him jurisdiction to issue a warrant upon the facts and for the purpose stated, and his action was null and void.

Neither is the case of *The State v. Skelton*, 104 Ala. 98 an authority. In the case at bar the city judge by a subsequent order upon preliminary examination committed petitioner, who had not given bail, to jail without bail. If we are right in our conclusion, that the city judge had jurisdiction, this commitment was valid and justified the retention of petitioner until admitted to bail by order of the judge of the circuit court endorsed upon the indictment, or by habeas corpus. The purpose of a preliminary examination in all cases, is to secure the presence of the prisoner, to answer such charge as may be brought against him, and by statute it is declared, that "the essence of all undertaking of bail is the appearance of defendant at court." The bond is forfeited if the defendant does not appear, although the grand jury may not prefer an indictment. After indictment a bench warrant may be issued by the court, or capias by the clerk, unless otherwise provided by statute, as is the case in some of the states. If the party is on bail, and he is arrested by virtue of a bench warrent or capias, legally issued, the surities are discharged. If the condition of the bond required the appearance of the principal at a designated term, and the principal appeared, the condition was performed, and there could be no forfeiture. If the condition required the principal to

attend from term to term *until discharged by law*, his mere attendance at the first term does not fulfill the condition. The condition required his attendance from term to term, until discharged by law, or unless there was a discontinuance of the charge. These provisions and rules as to bail do not and were not intended to interfere with the rules of law and proceedings after indictment. It requires statutory provision to prevent the issue of a bench warrent or a capias or indictment. The case of *Smith Governor v. Kitchens*, 51 Ga. 158 is a direct authority on the question; so is the case of *Ex parte Henry Cook*, 35 Cal. 107. We know of no case at common law, nor decision of a state court, unless predicated on statute, where the right and duty to arrest after indictment found, was ever questioned. Section 4395 of the criminal Code, provides that after indictment has been returned, the court may order any defendant, who is present, and who has not been arrested, to be taken into custody without process.

Section 4396, Cr. Code provides that "A writ of arrest must be issued by the clerk forthwith after the finding of the indictment, against each defendant, who is not in actual custody or who has not been bailed, &c.

Section 4411 provides that "Circuit and city judges may, during the term time, by order entered on the minutes, fix the amount of bail required in all cases of bailable felonies, pending in the court &c."

Certainly, if the judge omits to comply with this provision, no advantage accrues from such omision to any person in actual custody, nor does this section authorize him to fix the amount of bail for a defendant indicted for murder in the first degree. Under the facts, the clerk was not required, even if he had the authority, to issue a capias under section 4396, *supra*, for the defendant was in *actual custody*, *in jail*, and had not been bailed. Nor was it a case which called for the interposition of the court under section 4395 supra, for the defendant was not present and had been arrested, and was already in custody. The failure of the court to enter an order under this section, in a case where it might be entered, could avail the defendant nothing. *Prima facie*, under an indictment for murder, the offense is not bailable, and this presumption is not overcome by any order made on a preliminary trial. Where a party under indictment

for murder in the first degree, sues out a writ of habeas corpus, upon production of the indictment the defendant must overcome the presumption of the law by legitimate evidence, and the order of the magistrate prescribing bail is not legal evidence in the case. *Ex parte Phea*, 77 Ala. 92; *Abernathy v. The State* 78 Ala. 411. Under no aspect of the law, whether considered with reference to the commitment by the city judge, or the rights of petitioner after indictment found for murder in the first degree, is he entitled to the writ of mandamus. *Skelton v. The State* must be overruled.

Mandamus denied.

HEAD, J. dissents from the opinion so far as it overrules the case of *Skelton v. The State*.