# The State *v.* Vaughan, *et al.*

## Petition for Habeas Corpus.

1. *Preliminary hearing; no ground for plea of former conviction or acquittal.*—No plea of former conviction or acquittal, or former jeopardy can be predicated on a preliminary hearing or its results.

2. *Same; any number may be held in same case.*—There is no statutory limitation upon the number of times a person may be charged with a given crime, arrested and brought before a magistrate for preliminary investigation, and discharged, held to bail or committed without bail; and if a defendant on preliminary examination is discharged, committed without bail or admitted to bail, he may be again required by another magistrate to undergo preliminary examination for the same offence, and the former examination is no bar to the second proceeding.

APPEAL from the City Court of Selma.
Tried before the Hon. JOHN W. MABRY.

Claud M. Vaughan and Roy Vaughan were arrested and had preliminary trial before a justice of the peace on the charge of murder. They were bound over to answer indictment in the circuit court, but were allowed bail. Afterwards and while they were at large on bail bond, complaint was made before another justice of the peace, charging them with the same offence for which they were under bond. Warrants of arrest were issued

by this second justice and the defendants were required, against their protest, to undergo another preliminary examination. The second justice bound them over without bail and they were committed to jail. They sued out this writ of *habeas corpus* before the judge of the City Court of Selma, by whom the order of the second justice was annulled and the defendants remanded to the custody of their bail—the second preliminary examination being held to be void. The State appealed.

CHAS. G. BROWN, Attorney General, and W. W. QUARLES and CRAIG & CRAIG, for the State.

MALLORY, McLEOD & MALLORY, and PITTS & PITTS, *contra*, contended that as the committing magistrate had no authority to re-arrest a defendant whom he had committed, no other magistrate had such right. And that the defendant being in the custody of his bail who were responsible for his appearance at court, he could not be taken from them by re-arrest for the same offense, citing the following authorities—*State v. Crosby*, 114 Ala. 13; *Ex parte Robinson*, 108 Ala. 164; *Cain v. State*, 55 Ala. 173.

McCLELLAN, C. J.—We do not think an extended discussion of this case is necessary. We are of opinion that the point involved here is determinable against the petitioners for the writ of *habeas corpus* upon what is said in the case of *Ex parte Robinson*, 108 Ala. 161. It may be that what is there declared bearing upon the precise question presented here was not necessary to the decision of that case, and hence was in a sense *dictum*; but whether necessary to that case or not it is necessary to this, and as we are fully impressed with the soundness of the principle as there expounded, we adopt that exposition as the law of this case. It is there said, as has been several times directly adjudged by this court, that no plea of former conviction, or former acquittal, or former jeopardy can be predicated upon a preliminary hearing or its result. It is there noted that there is no statutory limitation upon the number of times a person may be charged with a given crime, arrested, brought

before a magistrate for preliminary investigation and discharged, held to bail or committed without bail. And it is there further stated, as has been expressly decided by this court, "that if the defendant be discharged upon preliminary investigation by the magistrate, he may be arrested on a second warrant." With this unquestioned state of the law as a premise, the court then proceeds in that case to draw the inevitable conclusion therefrom that where a defendant has been admitted to bail on a preliminary hearing and has in fact entered into the bail required and been remitted to the custody of his bondsmen, he may be again proceeded against upon another warrant for the same offense, subjected to another preliminary examination and thereupon held without bail, or admitted to bail in other amount, or discharged. Justice Coleman, speaking for the court, said: "If this [that a defendant discharged on preliminary investigation may be arrested on a second warrant] be true, under this rule he is subject to as many arrests as there are magistrates in the county, at least until one is found who is willing to commit or require bail. But if the order of the magistrate is final and conclusive on other magistrates, it is because of the jurisdiction to make a final order, and not because of the particular conclusion reached by the justice of the peace. The order would be equally final and binding whether the defendant be discharged or committed. There is no answer to this proposition. It would also conclude a warrant issued upon the finding of a coroner's inquest, for this merely secures a preliminary investigation." And the converse of this proposition is necessarily true: If the order of one magistrate is *not* final and conclusive upon other magistrates it is because no magistrate has the jurisdiction and power to make any final and conclusive order in the premises; and being without such jurisdiction an order admitting to bail is no more conclusive than an order discharging the defendant. The want of finality and conclusiveness results from want of jurisdiction, and any possible order upon preliminary examination must be lacking in those qualities, since the magistrate can make no order possessing them. And this is precisely what is meant by Justice Coleman in *Robin-*

*son's Case.* He refers to the well settled law that an
order of discharge is not final and that a defendant is
subject to as many arrests as there are magistrates in
the county, "at least until one is found who is willing to
commit or require bail," as a basis for the further con-
clusion that inasmuch as the doctrine so far as the exi-
gencies of cases has required its exposition must rest
upon the broad foundation of a want of jurisdiction to
make a final and conclusive order, the doctrine itself
must be applied to all orders on preliminary investiga-
tion since in respect to them all, whether of discharge,
bail, or commitment without bail, there is equal want
of jurisdiction to preclude subsequent proceedings on
another warrant; and this is what is intended when he
says that if the order of the magistrate is final and con-
clusive on other magistrates, it is because of the jurisdic-
tion to make a final order, and not because of
the particular conclusion reached by the jus-
tice of the peace; and hence the further nec-
essary conclusion that final jurisdiction to make
a particular order having been expressly decided
not to exist, there can be no jurisdiction, to make any or-
der which would bar and preclude a subsequent prosecu-
tion on another warrant for the same offense.   And why
is not the proposition entirely sound?   What is there to
stand in the way of such second proceeding against a de-
fendant who has been admitted to bail?   He has not
been convicted; he has not been acquitted; he has not
been put in jeopardy.   There is no plea known to the
law that can be interposed between him and a new inves-
tigation followed by a new and different order.   There is
no statute forbidding it expressly or by implication.
Confessedly there is no element of contract to bar the
State in any criminal prosecution.   There is no ques-
tion of vested rights.   The only argument against the
doctrine as applicable to a second prosecution where the
defendant has been enlarged on bail is that it would be
harassing and oppressive to him.   The effect being to
relieve his bondsmen of responsibility it could be in no
sense onerous to them.   And as to him it would be the
same kind of burden that one who has been discharged
is subjected to on a second and subsequent proceedings
and which has been adjudged to furnish no ground for a

[The State v. McFarland.]

different conclusion. Besides in both cases the defend-
ant is protected by the law from the abuse of process and
has his remedy for ill founded and repeated prosecutions
for the same offense not actuated by proper motives.
There is, we think, no merit in this argument *ab incon-
venienti*, as was substantially declared in *Robinson's
Case supra,* nor in any other consideration to which our
attention has been directed; and our conclusion is that
the city judge erred in granting the writ of *habeas cor-
pus.* His order in that behalf is reversed and set aside,
and a judgment will be here entered denying the peti-
tion for the writ, and remanding the petitioners to the
custody of the sheriff under the commitment without
bail.

Reversed and rendered.