# *Ex Parte* Ross.

*Assault With Intent to Murder.*

(Decided June 11, 1914.   65 South. 782.)

*Courts; Jurisdiction; Prior Proceeding.*—The order of a committing magistrate binding a defendant over to answer any indictment that might be found against him by the grand jury of the law and equity court of the county could not have the effect to bar the circuit court from entertaining jurisdiction of a further prosecution for the same offense, the jurisdiction of the two courts being coordinate.

ORIGINAL petition in the Supreme Court.

Petition by Mike Ross for mandamus directed to J. J. Curtis, as Judge of the Circuit Court for Walker County, seeking to compel him to overrule the demurrer of the state to a plea in abatement filed by petitioner to an indictment pending against him in said court. Writ denied.

The indictment charges petitioner with an assault with intent to murder, and the plea in abatement shows, in substance, as follows:   Petitioner was indicted in August, 1912.   During May previously he had been arrested on a warrant regularly issued by a justice of the peace, charging him with the identical offense covered by the indictment, which warrant was made returnable to and before the judge of the Walker county law and equity court, which court has concurrent jurisdiction with the circuit court, and the judge of which court has the jurisdiction and power of a committing magistrate. Sitting as a magistrate, the judge of the law and equity court bound petitioner over under a bond to appear before the law and equity court and answer any indictment that might be preferred against him, until discharged by law.   Before another session of the grand

[Ex Parte Ross.]

jury in the law and equity court, there was a session of the grand jury in the circuit court of Walker coun ty, at which the present indictment was returned against petitioner. The circuit court sustained the state's demurrers to this plea.

RAY & COONER, for appellant. The law and equity court of Walker county has concurrent jurisdiction with the circuit court, and the judge has the same powers as a circuit judge.—Acts 1900-1, p. 108; §§ 7585 and 7519, Code 1907. It was the duty of the magistrate to deliver the return to the clerk of the court in which defendant is bound by his undertaking to appear.—§ 7592, Code 1907. The law and equity court obtained jurisdiction and the circuit court was without jurisdiction.—*Eaton v. Patterson*, 2 S. & P. 9; *Gould v. Hayes*, 19 Ala. 438; *Moore v. Ledmar*, 33 Ala. 241; *Gray, et al. v. S. & N. Ala. R. R. Co.*, 151 Ala. 223. As to the right of defendant to have mandamus in this case see 6 Wall. 166; 7 How. 624; 156 Ill. 530; 119 Mass. 485, and authorities supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The petition should be denied on the authority of *State v. Humphries*, 125 Ala. 110; *Robinson's Case*, 108 Ala. 161; *Vaughn's Case*, 121 Ala. 41. The court properly sustained demurrers to the plea in abatement.—*Coaldale B. Co. v. So. C. Co.*, 110 Ala. 605; *Howell v. Howell*, 171 Ala. 502; *Sloss-S. S. & I. Co. v. Melbra*, 173 Ala. 658.

SOMERVILLE, J.—The petitioner's theory is that the judgment of the committing magistrate by which he was bound over to answer any indictment that might be found against him by the grand jury of the law and equity court gave jurisdiction of his alleged offense to

that court in such sense as to exclude the circuit court —though of coordinate jurisdiction—from entertaining jurisdiction of any prosecution for the same offense; which assumes, of course, that the grand jury of that court was without authority to return an indictment therefor.

Counsel for petitioner cite no authority which gives any color of support to this contention. On the contrary, we think the question has, in principle and in effect, been decided adversely to petitioner in the cases of *Ex parte Robinson,* 108 Ala. 161, 18 South. 729, and *State v. Vaughn,* 121 Ala. 41, 25 South. 727.

In *Robinson's Case* it was said, per Coleman, J.:

"The purpose of a preliminary examination in all cases is to secure the presence of the prisoner, to answer such charge as may be brought against him, and by statute it is declared that 'the essence of all undertaking of bail is the appearance of the defendant at court.' "

It was there held that there was no question of jurisdiction involved, and hence no obstacle to the issuance of other warrants of arrest for additional examinations which might be followed by judgments of discharge or committal.

In *Vaughan's Case* it was said, per McClellan, C. J.:

"And why is not the proposition entirely sound? What is there to stand in the way of such second proceeding against a defendant who has been admitted to bail? He has not been convicted; he has not been acquitted; he has not been put in jeopardy. There is no plea known to the law that can be interposed between him and a new investigation followed by a new and different order."

To what end may the accused be bound over under a second proceeding, if not for action by the grand jury?

And if a magistrate may thus initiate a second examination which may result in an indictment, upon what principle can it be claimed that any lawful grand jury cannot of its own motion investigate and indict an accused person who has not as yet been indicted by any coordinate body?

The defendant's plea in abatement was without merit, and the demurrer thereto was properly sustained.

What our conclusion would be if a previous indictment were pending for trial in the law and equity court need not be now determined. See, however, *Bell v. State,* 115 Ala. 25, 37, 22 South. 526.

We are not to be understood as affirming that mandamus is a proper remedy in cases of this character. See *Ex parte Watters,* 180 Ala. 523, 61 South. 904. Independently of that consideration, the writ of mandamus will be denied, and the petition dismissed.

Writ denied.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.