PRESENT—HIRAM WARNER, CHIEF JUSTICE.
H. K. McCAY,
W. W. MONTGOMERY, } JUDGES.

---

WILLIAM R. RUSSELL *et al.*, plaintiffs in error, *vs.* THE STATE OF GEORGIA, defendant in error.

(BY TWO JUDGES.) 1. Where the sureties on a criminal bond, which has been estreated, and on which the usual *sci. fa.* was issued, offer, on a motion to enter up judgment on the bond, at the return term of the *sci. fa.*, to prove the principal is too sick to appear, they should be permitted to do so. The proof made, it would entitle them to a continuance.

2. Where judgment has been entered on such a bond, at the return term of the *sci. fa.*, and, during the term and before the juries were discharged, the sureties brought their principal into Court, surrendered him to the sheriff, offered to pay all costs and excuse themselves for not bringing their principal sooner, by showing his serious illness, and then moved to vacate the judgment, the motion should have been allowed. 5th March, 1872.

*Scire facias.* Continuances. Before Judge HARRELL. Terrell Superior Court. November Term, 1871.

VOL. XLV. 1.

For the facts, see the opinion.

LYON, DEGRAFFENREID & IRVIN, for plaintiffs in error.

S. WISE PARKER, Solicitor General, by Z. D. HARRISON, for the State.

MONTGOMERY, Judge.

Russell entered into bonds with Woodbright and others as sureties, to answer to various misdemeanors for which he had been indicted in Terrell Superior Court. The bonds were forfeited, *scire facias* issued, and the *scire facias* cases were put upon the motion docket. At the return term of the *scire facias* the cases were called, and the sureties moved to continue, and, for cause, offered to show, by physicians of standing, that their principal was at home too sick to appear. The Court refused to permit them to make the showing, and ordered final judgment to be entered, which was done. During the term, and while a jury was still in attendance, the sureties brought their principal into Court, surrendered him to the sheriff, tendered all costs, and moved to vacate the judgment. The Court refused the motion.

We think there was error in both rulings. The object of the law in requiring bail is to insure the presence of the accused. If he does not appear at the first term, his sureties are then called on by *scire facias* to produce him at the second. If they do so, at any time, before the case is regularly reached in its order on the criminal docket, no final judgment can be entered. If the accused dies before final judgment, the sureties are excused: Code, section 4648. Why? Because it has providentially become impossible to comply with the condition of their bond. Is it not equally so, for the time, at least, if he is too sick to appear? In all cases providential absence of a party or counsel is a good ground for continuance, if the case cannot be safely tried without their presence: Code, 3473, 3474. In the present case the

sureties could certainly not go to trial safely without the presence of their principal. With his presence their defense was complete; without it they had none.

We think the same reasoning applies to the motion to vacate the judgment, the facts showing that there was no negligence on the part of the sureties in failing to avail themselves of the defense before the judgment was rendered. As already remarked, the object of the bond is to secure the attendance of the principal, not to raise money for the State. She, therefore, excuses a compliance with the condition when it becomes, from providential cause and without fault of either principal or sureties, impossible to do so. There seems to be no difference in principle between this case and *Shannon vs. Roosevelt, Hyde and Clarke,* 17 Georgia, 88.

Judgment reversed.