## McArdle *vs.* McDaniel, governor.

Where, on the call of a criminal case, the defendant did not appear, and a *scire facias* was issued to forfeit his bond, and on its return, the defendant being again absent, the judgment was made absolute; and where, later in the same term, and before the jury had been discharged, he appeared, was tried and acquitted, and thereupon moved to vacate the judgment of forfeiture, and showed that his absence at the first term was caused by his own sickness, and at the second by the sickness of his wife, the motion to vacate the judgment of forfeiture should have been granted.

November 17, 1885.

Criminal Law. *Scire facias.* Bonds. Principal and Surety. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

Reported in the decision.

C. J. THORNTON, for plaintiff in error.

THOS. W. GRIMES, solicitor general, by McNEILL & LEVY, for defendant.

JACKSON, Chief Justice.

This record discloses, with the bill of exceptions, error assigned upon the refusal of the court to set aside a judgment of final forfeiture of a recognizance, on a motion therefor made during the term.

The proof is that defendant in the indictment was prevented from appearing at the first term, when the *scire facias* was issued, by his own sickness, and when the case was called at the next term, to which the *scire facias* was returnable, he again failed to appear from the sickness of his wife. These providential causes of absence at both terms were verified on the motion to set aside the judgment. After the final judgment was rendered, but at the same term, the defendant appeared, and was tried and acquitted; and then this motion to vacate the final judgment of forfeiture was made, all costs having been paid.

The point is ruled in 45 *Ga.*, 9, and 17 *Id.*, 88, the former case referring to the latter as authority, and holding that there is no difference between the forfeiture of a criminal recognizance and that of a *ca. sa.* bond in a civil case under the old system of imprisonment for debt.

The only difference between the case at bar and that in the 45th *Ga.* is, that the offer was made by bail, at the call of the case on the return term of the *scire facias*, to show that their principal was absent from sickness, with no excuse for absence at the first term at all, and they moved to continue for such absence, in the case in the 45th; whereas, here there was no motion to continue by bail, but proof of sickness at the first term, and the wife's sickness at the return term, made on the motion to vacate.

The difference is not substantial. The principle decided is, that the objects of the law are accomplished by the appearance of the principal at the return term of the *scire facias* before the juries are discharged; that the bail has until that time to produce his principal, and that the policy of the law is not to make money for the state, but to secure the trial of the man charged with crime.

When we refer to the case in the 17th Ga., 88, and read the opinion of the court there, pronounced by Judge Benning, all doubt vanishes, and it expressly decided that the appearance of the defendant at any time in the term before the juries have been discharged, is a performance of the condition of the bond. True, that was a *ca. sa.* bond, and this is a criminal recognizance, but this court, in the 45th *Ga.*, ruled that no difference between the two existed in principle.

It follows that the judgment should have been vacated.
Judgment reversed.