### Jordan, next friend, *v.* Tarver.

| 92 | 379 |
| s96 | 539 |
| 92 | 379 |
| 124 | 912 |

1. The superior court may, *ex mero motu*, set aside an improper *ex parte* order establishing a copy of a judgment alleged to have been rendered at a previous term. As orders and judgments are in the breast of the court, during the term at which they are made or rendered, for the purpose of modifying or vacating them, the whole term may be considered as one day. The presence of the attorney on whose motion an order which the court thinks ought to be vacated was granted, will dispense with any notice to the party for whom the order was obtained, of the court's intention or purpose to vacate it.

(*a*) The attorney who represents a party in obtaining an improper order is competent, without any fresh authority from his client, to represent him when, at the same term, the court proceeds to set it aside.

2. In order to establish a copy of a judgment alleged to have been rendered at a previous term of the court, it may be proper that notice should be given to the opposite party, or parties, in interest; and consequently, if the judge has granted an *ex parte* order establishing such copy, and becomes satisfied that he has granted it improperly, he may revoke it at the same term on his own motion.

3. The superior court cannot, of its own motion and without notice to the parties concerned, set aside a verdict rendered by a jury at a previous term and the proceedings on which the same was founded. Notice to an attorney of record in a motion to establish a copy of the judgment alleged to have been entered up on a verdict is not notice to the client for the purpose of setting aside the verdict, another attorney, and not this one, being the attorney of record in the proceeding to obtain the verdict.

*Judgment reversed in part, and affirmed in part.*

April 3, 1893. Argued at the last term.

Motion to vacate. Before Judge Roberts. Twiggs superior court. October term, 1891.

This bill of exceptions was taken by G. W. Jordan as next friend of the minor children of W. B. and Annie P. Tarver, to the passage of an order by the court, *ex mero motu,* setting aside certain proceedings. It appears that in 1882, W. B. Tarver applied to the ordinary for the setting apart of a homestead. Objections were filed by the National Bank of Augusta, Saulsbury, Respess & Co., S. T. Coleman, surviving partner of Ross & Coleman, I. C. Plant & Son, and T. W. Brown, creditors of the firm of W. B. Tarver & Brother. The objections were overruled by the ordinary, and the creditors appealed to the superior court where, at the October term, 1883, a verdict was rendered sustaining the appeal and disallowing the homestead, upon which verdict a judgment was entered sustaining the appeal and dismissing the application for homestead. No further proceedings appear to have been taken until the October term, 1890, when G. W. Jordan, as next friend of the minor children of W. B. and Annie P. Tarver, brought his petition, reciting the application for homestead and stating that said application was resisted by one of the creditors of W. B. Tarver, to wit a firm known as Saulsbury, Respess & Co., who had obtained a judgment against W. B. Tarver for $2,000 or other large sum; that said firm appealed from the judgment of the ordinary allowing the homestead, and the appeal was pending in the superior court at the October term, 1883, at which term E. F. Best, attorney for appellant, appeared and took a verdict and judgment disallowing the homestead; that this verdict was obtained in the absence of W. B. Tarver and upon the assurance of Col. Best that W. B. Tarver had consented to and authorized said verdict, upon which Col. Joseph B. Jones, attorney for the homestead estate, allowed said verdict to be taken, after first objecting and on repeated assurance of Col. Best of said authority; that W. B. Tarver did not au-

thorize said verdict to be taken, and protested against
said action as soon as he heard of it; that at the time
of said verdict but óne of the minors was *in esse,* the
remainder having been born since the verdict; and pe-
titioner prayed for a guardian *ad litem* to protect their
interests in this litigation.   He prayed, inasmuch as the
verdict so obtained was a fraud on the minors, and as
the judgment of Saulsbury, Respess & Co. had been
transferred to the New England Mortgage Security Co.,
which company paid for the judgment so assigned with
funds of said Annie P. Tarver, and as she was the sole
owner of the judgment and in possession of it, that a
rule *nisi* issue, requiring her to show cause during the
October term, 1890, why said verdict should not be
vacated and set aside, and said appeal reinstated in its
order upon the dockets of the court.   This petition was
signed by Joseph D. Jones, attorney for petitioner.  The
order to show cause was granted as prayed for, return-
able on the next day; and Annie P. Tarver signed an
acknowedgment of service and a consent that the motion
be heard and passed on at the October term, 1890.   The
record shows that the application of W. B. Tarver for a
homestead was made by him as head of a family con-
sisting of himself, his wife Annie P. Tarver, one minor
child of their marriage and one minor child of his former
marriage.

The order now excepted to refers to the foregoing
proceedings, and states the following:   It was errone-
ously represented in the petition of G. W. Jordan as
next friend, that Saulsbury, Respess & Co. were the only
creditors of W. B. Tarver who objected to the setting
apart of the homestead, and that the judgment of Sauls-
bury, Respess & Co., and the execution issued thereon
against W. B. Tarver, had been transferred to Annie P.
Tarver, and that she alone had any interest as such as-
signee of said judgment and execution adverse to the

application for homestead.   The court had no ·jurisdiction or authority to reopen the judgment refusing the homestead, upon the motion of Jordan, next friend, who was not a party to the same, and upon notice to Annie P. Tarver who also was no party to the homestead proceedings or judgment, nor to open the same six years· after its rendition though they had been parties thereto. It appears from the papers and exhibits referred to in the proceeding by Jordan as next friend, and from an inspection of the files and records of the court, that all proceedings taken in the matter since the verdict and judgment in 1883 are null and void, and that the court had no jurisdiction to entertain the same.   At the present (October, 1891) term of the court, on motion of J. W. Robison, attorney for G. W. Jordan, next friend as aforesaid, and without notice to any party to said verdict and judgment of 1883, an order was granted directing that a copy of a judgment alleged to have been signed upon the verdict of a jury rendered at the October term, 1890, in favor of W. B. Tarver *vs.* Saulsbury, Respess & Co. *et al.*, be entered on the minutes and established in lieu of the original alleged to have been lost. From an inspection of the files and records of the court it appears that, if any such judgment was signed at the October term, 1890, it was never entered on the minutes or dockets, nor filed with the clerk.   And it being within the province as well as the duty of the court to protect the integrity of its records, and to expunge therefrom all· void and illegal orders and judgments, it is therefore ordered. by the court of its own motion that G. W. Jordan, next friend, now represented in court by his attorney J. W. Robison, show cause *instanter* why the following order and judgment, and all proceedings had in the matter of the application for homestead since the October term, 1883, should not be arrested, vacated and set aside :

"W. B. Tarver *vs.* Saulsbury, Respess & Co. *et al.*
Application to set aside homestead and appeal from court
of ordinary. In Twiggs superior court. It appearing
to the court that at the October term, 1890, above stated
case came on for trial, and that the jury empaneled in
said case returned a verdict therein sustaining the judg-
ment of the said court of ordinary and allowing the said
homestead set apart by said ordinary; and it further
appearing that a judgment upon said verdict was taken
in form and substance as follows, to wit: Whereupon
it is considered and adjudged that the verdict of the jury
in the within case be made the judgment of the court,
and that said homestead so set apart by said ordinary
be and the same is hereby allowed and established.

Joseph Jones,                    D. M. ROBERTS,
    Atty. for homestead estate.        J. S. C. O. C.

"It further appearing to the court that said judgment
has been lost, and that same is not of file in the records
of said court, and has never been entered upon the min-
utes of said court, therefore it is ordered that the above
copy of said judgment be and the same is hereby estab-
lished in lieu of the lost original.

"D. M. ROBERTS, J. S. C. O. C."

The order excepted to further states, that G. W. Jordan,
next friend, having appeared in response to the fore-
going rule, by his attorney of record, John Walter Robi-
son, and argument having been heard from said attorney,
and no sufficient cause being shown why the alleged
judgment of October, 1890, and the order at this term
establishing the same, as well as all other proceedings
since October, 1883, should not be arrested, vacated and
set aside, it is therefore ordered that all said proceed-
ings affecting the validity of the final judgment ren-
dered at the October term, 1883, be vacated, set aside
and declared null and void.

The bill of exceptions assigns error for the following
reasons: Neither G. W. Jordan, next friend, nor his at-
torney John Walter Robison, nor any of the parties to
said motion were served with notice of said order to

show cause, or had proper opportunity to prepare any defence or answer thereto. Said attorney stated to the court that his client was not notified of said proceedings and was out of the county at that time, and asked for time to prepare a defence to the order to show cause, and also outlined to the court the defence that G. W. Jordan would make to the order if time was given to prepare his defence thereto, and that he (the attorney) had never seen said order or heard it read until said case was called for trial. The court overruled the attorney's application for time to prepare a defence, and granted the order in question; upon which ruling the attorney notified the court that he disclaimed appearing for G. W. Jordan or having authority to represent him; whereupon the court replied that as said attorney he had made two speeches in the case, and that the court con-considered him as resisting the motion. The court erred in setting aside, *ex mero motu*, the verdict and judgment solemnly adjudicated a year previously, the same having been acquiesced in and not complained of by any of the parties appearing of record therein, or by any other person save the court; the court not having power to move therein unless petitioned by some party to the proceedings or some litigant affected thereby.

JOHN WALTER ROBISON, for plaintiff in error.
MARION ERWIN and W. E. SIMMONS, *contra.*