### Dedge *et al. v.* Branch, sheriff.

1. When, from its contents and the facts and the circumstances connected with its execution and delivery, together with the subsequent conduct of the parties and the ordinary, it is manifest that a writing subscribed by the tax-collector and several others was intended to be used and treated as the official bond required by law of the tax-collector to entitle him to enter upon the discharge of his duties touching the collection of county taxes, the writing, though not under seal, is, by virtue of section 4 (par. 7) and section 167 of the code, whether the ordinary has approved it in writing or not, and whether he has recorded it or not, to be treated, after the tax-collector has acted upon it and received the county taxes for the year in which it was given, as though it were the official statutory bond which should have been taken, approved and recorded, and execution may issue thereon against the tax-collector and all who subscribed with him for the amount of any default in accounting for and paying over such taxes.
2. The writing being in blank, at the time it was delivered, as to the amount of the penalty, and the ordinary having by law general authority to fix and determine the penalty of tax-collectors' bonds applicable to county taxes, the fair, if not the necessary, inference from the execution and delivery of the instrument with a blank in the appropriate place for expressing the amount is, that the ordinary was expected by those who subscribed the writing to fill the blank with such amount as he deemed proper, and their consent and authority for him to do so was sufficiently manifested. As to the blank left for the insertion of the names of the sureties, it was immaterial, under section 4, par. 7, of the code, whether this was filled or not. From the evidence the jury could have inferred that the ordinary rightfully and properly filled both blanks before any of the county taxes for the year were received by the tax-collector.
3. There was no error for which a new trial should be granted.

June 11, 1894. Argued at the last term.

Equitable petition. Before Judge SWEAT. Appling superior court. March term, 1893.

G. J. HOLTON & SON and E. P. PADGETT, for plaintiffs.

E. D. GRAHAM, by brief, for defendant.

LUMPKIN, Justice.

The ordinary of Appling county issued an execution against one Baxley, as tax-collector of that county, as principal, and Padgett and others as sureties upon his official bond as tax-collector of that county, for an alleged default on the part of Baxley, as such tax-collector, in paying over a certain amount collected by him as county taxes for the year 1887. This execution was placed in the hands of the sheriff, who levied it upon lands belonging to the sureties and advertised the same for sale. These sureties united in an equitable petition against the sheriff, the purpose of which was to enjoin him from further proceeding with the execution. The petition, in substance, alleged: Petitioners are not, and have never been, the legal bondsmen of Baxley as such tax-collector. The bond or blank that they signed was entirely blank; there was no amount written in the paper; the names of the securities, if they can be called such, were not inserted in the so-called bond, but there was a place left blank for the filling in of such names; there was no date to the paper; the ordinary was not present when it was signed, but petitioners merely signed their names at their respective places of business in the presence of Baxley, seeing and knowing it was blank as stated; and it has never been approved nor recorded by the ordinary, as required by sections 931 and 916 of the code. Since petitioners signed, one blank has been filled with their names as securities; in another place a blank has been filled so as to make the amount of the bond $12,243.96; and the words "September 19th" have been inserted in the blank left for dating

the bond. All the above words and figures have been inserted since petitioners signed the paper, without their knowledge or consent and not in their presence; and these facts make the paper null and void.

On the trial, there was a verdict for the defendant; the plaintiffs moved for a new trial, which was overruled, and they excepted. The motion contained numerous grounds. The nature of such of them as are material is indicated in the head-notes, in which we have endeavored to condense the rules of law by which the case is controlled.

It is manifest beyond question, from the contents of the writing subscribed by the tax-collector and the plaintiffs in error, and from the facts and circumstances connected with its execution and delivery, together with the subsequent conduct of the parties and the ordinary, as shown by the evidence appearing in the record, that all the persons who signed this instrument intended that it should be used and treated as the official bond which the law required of the tax-collector in order to entitle him to enter upon the discharge of his duties touching the collection of the county taxes of Appling county. Paragraph 7 of section 4 of the code is as follows: "When a bond is required by law, an undertaking in writing, without seal, is sufficient; and in all bonds where the names of the obligors do not appear in the bond, but are subscribed thereto, they are bound thereby." And section 167 of the code provides: "Whenever any officer, required by law to give an official bond, acts under a bond which is not in the penalty payable and conditioned, nor approved and filed, as prescribed by law, such bond is not void, but stands in the place of the official bond, subject, on its condition being broken. to all the remedies, including the several recoveries which the persons aggrieved might have maintained on the official bond." In view of the provisions of these sections, the

fact that the instrument in question does not, in the body thereof, purport to be under seal, is of no consequence; nor is it material whether the ordinary approved and recorded it or not. It is, nevertheless, after the tax-collector has acted upon it and received the county taxes for the year in which it was given, to be treated as if it were in all respects the official statutory bond which should have been taken, approved and recorded ; and consequently, it was the right and duty of the ordinary to issue against the tax-collector, and all who subscribed with him, an execution for the amount of any default made by that officer in accounting for and paying over such taxes. In principle, most of the questions involved in this case are ruled by *County of Fulton* v. *Clarke*, 73 *Ga.* 665.

Inasmuch as the law gives the ordinary general authority to fix and determine the penalty of the tax-collector's bonds with reference to county taxes, it is certainly a fair (if not a necessary) inference that the parties who subscribed Baxley's bond as sureties intended, by executing and delivering the instrument with a blank in the appropriate place for expressing the amount of the penalty, that the ordinary should fill this blank with such amount as he deemed proper. Taking into view all the facts and circumstances, there can hardly be a reasonable doubt that these sureties expected the ordinary to so fill this blank, and we are fully satisfied that their consent and authority for him to do so was sufficiently manifested. If this is not true, they were playing the part of mere triflers ; and in a matter so serious, the law will not tolerate such conduct.

Under section 4, paragraph 7, of the code, already cited, it made no difference whether the blank left for the names of the sureties was filled or not. It was not absolutely clear and certain from the evidence that the ordinary filled the blanks before any of the county taxes

for the year were received by the tax-collector, but there was evidence from which the jury could have rightly so inferred. This being so, we are not disposed to interfere with their finding. We are satisfied that when Baxley and the plaintiffs in error signed the blank bond, they all expected and intended that it should be completed, approved, filed and recorded so as to become in all respects a valid statutory tax-collector's bond. The persons signing as sureties therefore intended to put it within the power of Baxley to assume and exercise the duties of tax-collector and to get into his hands money belonging to the county, and to make themselves responsible for the payment of the same by him into the county treasury. It is therefore no hardship upon them, either legally or morally, to hold them bound by their contract, just as if, in making it, there had been due compliance with all the legal requirements. To discharge them would, under the circumstances, be neither more nor less than to allow them to perpetrate a fraud upon the public. We are at some loss to conjecture why the ordinary should have attended to his duties in connection with this bond in the loose and careless manner indicated by the record; but his negligence in the matter presents no reason for relieving the sureties of an obligation they manifestly intended to assume when they signed their names to the paper. After a careful examination and consideration of the entire record, we find no error which would authorize this court to grant a new trial.    *Judgment affirmed.*