## PHILLIPS *v.* PHILLIPS.

BECK, J. Plaintiff demurred to defendant's plea to an action upon a promissory note under seal, on the ground that the plea was not verified. The demurrer was filed, without notice thereof being given to the defendant, twelve days after the "demurrer docket" had been regularly called by the court. When the case was called for trial the plaintiff's counsel announced to the court that there was a demurrer in the case, and the judge set the trial for a certain date. On the trial the defendant sought to verify his plea, by way of amendment, but the court would not allow him so to do, and rendered a judgment in favor of the plaintiff. *Held,* that as the judgment was in the breast of the court until the end of the term, it was not error for the court, upon proper motion made during the term at which the judgment was rendered, to vacate the judgment and reinstate the plea. *Jordan* v. *Tarver,* 92 *Ga.* 379; *Walton* v. *Jones,* 53 *Ga.* 91; *Shaw* v. *Watson,* 52 *Ga.* 202.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*

Argued November 28, 1905.—Decided February 19, 1906.

Motion to set aside judgment. Before Judge Hodges. City court of Macon. June 26, 1905.

Monroe Phillips sued J. B. Phillips on a promissory note under seal. The defendant filed an answer, to which the plaintiff demurred on the ground that it was not verified. The demurrer was filed twelve days after the regular call of the appearance docket, and two days before the adjournment of the appearance term. At the trial term, when the case came up for trial, the defendant offered an amendment properly verifying his plea; to which amendment

counsel for the plaintiff objected. The court passed an order disallowing the amendment, sustaining the demurrer, and striking the answer, and then rendered judgment for the plaintiff. Thereupon the defendant made a motion "in arrest and for the setting aside of each of said judgments." From affidavits introduced at the hearing of this motion, it appeared that neither the defendant nor his counsel had knowledge of the filing of the demurrer until the trial term, when, on the case being called by the court for assignment for trial, counsel for the plaintiff announced that there was a demurrer in the case. The court sustained the motion and ordered that "said two judgments [be] set aside and vacated, and said original suit reinstated, and plaintiff's said demurrer overruled and denied, and said answer of defendant reinstated and defendant's amendment thereto . . allowed, on condition that the said defendant do pay all costs incurred by the filing of said amendment to his answer and by this motion." The plaintiff excepted. His counsel contended that the verification of the answer could not be added at the second term, and cited Civil Code, §§ 5076, 5045, 5047, 3701; 95 Ga. 805.

*H. F. Strohecker* and *Hardeman & Moore,* for plaintiff.

*E. P. Mallary* and *Steed & Ryals,* for defendant.