6687.   SOUTHERN COTTON OIL CO. v. TAYLOR *et al.*

RUSSELL, C. J. 1. A motion to open or vacate a judgment during the term at which it was rendered is addressed to the discretion of the court, and this discretion will not be controlled, unless manifestly abused. *Aiken* v. *Wolfe,* 76 *Ga.* 816; *Wells* v. *Butler Supply Co.,* 128 *Ga.* 37-40 (57 S. E. 55), and citations. "Courts of record retain full control over orders and judgments during the term at which they were made, and in the exercise of a sound discretion may revise or vacate the same." *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823). Orders and judgments are in the breast of the court during the term at which they are made or rendered, and, for the purpose of modifying or vacating them, the whole term may be considered as a single day. *Jordan* v. *Tarver,* 92 *Ga.* 379 (17 S. E. 351).

2. "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularties not appearing on the face of the record." *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640 (50 S. E. 483).

3. Where there was evidence, satisfactory to the trial court, that the case had not been placed upon the trial calendar or assigned for trial in

accordance with a practice well established in that court, and especially where the only effect of vacating the judgment was to give both parties an opportunity to be heard before a jury, it will not be held that it was an abuse of discretion to vacate a judgment obtained upon ex parte proof at the same term.                    *Judgment affirmed.*

DECIDED MAY 2, 1916.

Levy and claim; from city court of Eastman—Judge Neese. May 5, 1915.

*Marion Turner,* for plaintiff in error.

*W. M. Clements,* contra.