## 7234. McMILLAN v. BARTON.

In passing upon a motion to open a default and vacate a judgment against the defendant at the term at which they were entered, the trial judge has a broad discretion, which will not be controlled unless manifestly abused. No abuse of discretion is shown in this case.

DECIDED JULY 19, 1916. REHEARING DENIED JULY 31, 1916.

Complaint; from city court of Valdosta—Judge Cranford. January 1, 1916.

*Dan R. Bruce,* for plaintiff.   *J. M. Johnson,* for defendant.

BROYLES, J. 1. "Until the final adjournment of the term at which a judgment by default has been entered, the court has such control thereof that it may, for any legal or satisfactory reason, set the same aside. It follows that even in a court where a final judgment may be rendered at the first term, the judge may, in his discretion and upon proper showing at such term, set aside either a judgment by default or a final judgment entered thereon." *Cooley* v. *Tybee Beach Co.,* 99 *Ga.* 290 (25 S. E. 691). The general rule is that during the term all judgments and orders are in the breast of the court, and subject to be modified or vacated for good cause shown. *Florida Central R. Co.* v. *Luke,* 11 *Ga. App.* 290 (75 S. E. 270). In the instant case there was evidence that the reason why the defendant failed to file in time any answer to the suit was because of the absence of his counsel from providential cause, and it does not appear that the court abused its discretion, upon the showing made by the defendant, at the same term, in setting aside and vacating the judgment, opening the default, and allowing the defendant to file his plea to the suit. See *Tennessee Oil & Gas Co.* v. *American Art Works,* 10 *Ga. App.* 45 (2), 46 (72 S. E. 517).

2. There is no merit in the contention that the court erred in refusing to go into and hear evidence, and pass upon the merits of the defense set up in the defendant's plea, upon the hearing of the motion to open the default and vacate the judgment, the defendant having alleged in his motion that he had a meritorious defense to the plaintiff's suit; and the plea, upon paper, showing such a defense and being properly verified. In passing upon such a motion the trial judge has a very broad discretion, which will not be controlled unless manifestly abused. No abuse of discretion in passing upon the motion in this case is shown.

*Judgment affirmed.*