## 7623. BOOZER v. CITY OF ATLANTA.

1. To be valid, a bond should specify the amount in which the obligors are bound. 5 Cyc. 94 (e); Commonwealth *v.* Campbell, 9 Ky. Law R. 494; Townsend *v.* State, 7 Tex. App. 74.

2. Where the amount of the bail is designated by the proper official (judge, or clerk, as the case may be), a bond not conforming to such amount is void. 5 Cyc. 94 (e); Neblett *v.* State, 6 Tex. App. 316. See also Irwin *v.* State, 10 Neb. 325.

3. Where one seeks to review the judgment of a municipal court, and, instead of filing an affidavit in forma pauperis, files a bond conditioned for his personal appearance to abide the final order, judgment, or sentence in the case, the bond should specify the amount in which the obligors are bound.

DECIDED OCTOBER 31, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. May 18, 1916.

*Alex. W. Stephens, Claud F. Brackett,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.

BROYLES, J. The bond in this case was as follows: "Georgia, Fulton County. We, Sam Boozer, as principal, and the undersigned as security, acknowledge ourselves jointly and severally bound unto the City of Atlanta in the sum of $........., subject to the following conditions, to wit: The principal of this bond having been on the 7 day of March, 1916, convicted in the recorder's court of the City of Atlanta for violating section 1640 of the City Code of Atlanta of 1910, and having been given a sentence of 30 days in the city stockade or pay a fine of $200.75, and his bond being assessed at $400.00, the said principal having filed notice of intention to certiorari said case as by law provided: Now, if the said Sam Boozer shall personally appear and abide the final order, judgment, or sentence upon him her in said case, then this bond to be void, else of force. Witness our hands and seals

this 7 day of March, 1916. Sam $\overset{\text{his}}{\underset{\text{mark}}{\text{x}}}$ Boozer (seal), principal.

J. W. Parker (seal), security. Approved, James W. Meade, Clerk Recorder's Court, City of Atlanta. Mar. 7th, 1916."

While it appears from the recitals in this bond that the bail was assessed at $400, it also plainly appears that the principal and surety thereon acknowledged themselves bound to the City of Atlanta "in the sum of $........." only. In other words, they were not obligated to pay *any sum* to the City of Atlanta. Bail proceedings are construed strictly in favor of the bail or surety. *Colquitt* v. *Smith,* 65 *Ga.* 341; *Lamb* v. *State,* 73 *Ga.* 587; *Roberts* v. *Gordon,* 86 *Ga.* 386 (12 S. E. 648). The bond in this case was defective, and was not such a bond as is required by the statute (Acts, 1902, p. 105; Park's Ann. Code, § 5191 (a)). While this act says that a bond shall be given in amount and with surety acceptable to and approved by the clerk of the court, or judge, as the case may be, it would be irrational and absurd to hold that a bond so approved was a good and binding bond when *no amount* whatever is therein named as the sum in which the principal and sureties are bound. Clearly it was the intention of the legislature,

in passing this act, to provide that the bond filed should set forth *some* amount, and some *reasonable* amount, in which the defendant and his sureties would be bound to the municipal corporation. The certified copy of the bond, showing the defect discussed, being attached to the petition for certiorari, the judge of the superior court did not err in dismissing the petition. It is immaterial that the judgment of the court does not show why the petition was overruled. Even if it had appeared that the petition was dismissed for some other reason, which was erroneous, the judgment of dismissal should nevertheless be affirmed. *Memmler* v. *State,* 75 *Ga.* 576; *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (85 S. E. 264); *Flynn* v. *East Point,* 18 *Ga. App.* 729 (90 S. E. 372).

*Judgment affirmed.*