12267. COFFIN *et al. v.* DORSEY, Governor.

HILL, J. 1. Where a criminal recognizance has been duly forfeited, and a scire facias has been issued and served on the principal and the surety as provided by law, and at the return term no answer is filed by either principal or surety, and no sufficient cause is shown to the

contrary, judgment on motion should be entered against principal and surety. Penal Code (1910), § 962.

2. Where a criminal recognizance has been duly forfeited and a scire facias has been issued and served, the principal has until the State case against him has been called at the next term to appear and answer the charge, and the surety has until that time to produce him to answer the charge against him. If the principal fails to appear, or the surety fails to produce him and shows no sufficient excuse or reason for not doing so, it is proper for the court to enter against them a judgment absolute upon the scire facias. *Freeman* v. *State,* 112 *Ga.* 648 (37 S. E. 886); *Russell* v. *State,* 45 *Ga.* 9.

3. A criminal bond was duly forfeited at a term of the superior court, and scire facias was issued and served on the principal and the surety, returnable to the next term. During the latter term the case against the principal was called for trial and he failed to appear, and no evidence was offered at that term to show why judgment absolute should not be had, and judgment was rendered accordingly. Either the principal or the surety might have avoided the judgment, by proof to the court, before the juries were discharged, of the inability of the principal to be present; and the failure to do so was negligence, depriving either of the right to vacate the judgment at a subsequent term of the court. *McArdle* v. *McDaniel,* 75 *Ga.* 270.

4. The forfeiture proceedings in this case were all regular and in strict conformity to law, and the court did not err in overruling the motion to set aside the judgment absolute.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*
DECIDED JUNE 6, 1921.

Motion to set aside judgment; from Floyd superior court — Judge Wright. January 12, 1921.

*Harris & Harris,* for plaintiffs in error.

*E. S. Taylor, solicitor-general,* contra.