13879.   HARDWICK, Governor, *v.* SHAHAN *et al.*

BELL, J. 1. A criminal recognizance headed " State of Georgia, Walker County," and requiring the principal to " be and appear at the ———— Court of 871 District G. M., at 10 o'clock ————M., on 28 day of Feb. 1921, for said county on the 28 Feb. 1921, and from day to day hereafter and until discharged by law, to answer any charge for selling liquor that may be preferred against ———— by ————————," was not a bond for the principal's appearance at the superior court of Walker county. A criminal bond must designate with some certainty the court at which the principal is to appear. 1 Bishop's New Crim. Proc., 218. There was nothing in the bond in the instant case to require appearance at the superior court. The bond which was held good in *Mason* v. *Terrell*, 3 *Ga. App.* 348 (60 S. E. 4), did not possess the deficiencies of the one now before us, but merely omitted in the caption the name of the county,— a defect supplied by the warrant annexed on the same sheet of paper. See also *Boozer* v. *City of Atlanta*, 18 *Ga. App.* 732 (90 S. E. 492).

2. If the effect of the signing of the bond thus in blank was to confer an implied power upon the sheriff or other officer to fill in the blanks (*Brown* v. *Colquitt*, 73 *Ga.* 59 (2), 54 Am. R. 867; *Dedge* v. *Branch*, 94 *Ga.* 37 (2), 20 S. E. 657) the power was never exercised so as to give the bond efficacy. See the *Boozer* case, supra.

3. " A recognizance must stand or fall by itself; and if not good on its face, . . parol evidence is inadmissible to supply the defect." *Nicholson* v. *State*, 2 *Ga.* 363 (2). *Mason* v. *Terrell* is no authority for curing by parol evidence such defects in a bond as here appear. See also *Edwards* v. *Dorsey*, 28 *Ga. App.* 437 (111 S. E. 687).

4. " A motion to open or vacate a judgment during the term at which it was rendered is addressed to the discretion of the court, and this discretion will not be controlled, unless manifestly abused. *Aiken* v. *Wolfe*, 76 *Ga.* 816; *Wells* v. *Butler's Supply Co.*, 128 *Ga.* 37-40 (57 S. E. 55), and citations. ' Courts of record retain full control over orders and judgments during the term at which they were made, and in the exercise of a sound discretion may revise or vacate the same.' *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823). Orders and judgments are in the breast of the court during the term at which they are made or rendered, and, for the purpose of modifying or vacating them, the whole term may be considered as a single day. *Jordan* v. *Tarver*, 92 *Ga.* 379 (17 S. E. 351)." *Southern Cotton Oil Co.* v. *Taylor*, 18 *Ga. App.* 56 (88 S. E. 798); *Cole* v. *Illinois Sewing Machine Co.*, 7 *Ga. App.* 338 (2) (66 S. E. 979); *East Tenn. &c. Ry. Co.* v. *Green*, 95 *Ga.* 35 (22 S. E. 36); *Sherman* v. *Stephens*, 30 *Ga. App.* 509 (118 S. E. 567); Civil Code (1910), § 4644 (6).

5. " Generally, where proceedings to amend, open, or vacate a judgment or decree are commenced during the term at which it was rendered, the jurisdiction of the court over it for this purpose may be continued for a subsequent term, and the relief sought be granted at such term. 17 Am. & Eng. Enc. L. 815. *Van Dyke* v. *Van Dyke*, 120 *Ga.* 984 (1), 987 (48 S. E. 380); *Phillips* v. *Phillips*, 124 *Ga.* 912 (53 S. E. 457); *Sherman* v. *Stephens*, supra.

6. This was a motion by the principal and his surety to vacate a judgment absolute forfeiting a criminal recognizance. The motion was filed during the term of the judgment, and was amended at the hearing at a subsequent term. It was alleged in the amendment, which was supported by proof, that the condition of the bond was as shown above, and it was contended that the judgment should be vacated because of the defects in the bond. *Held:* The motion being filed during the term, the court did not err, upon the invalidity of the bond being shown, in vacating the judgment as improvidently entered, regardless of other grounds urged. During the term every court has inherent power " to amend and control its process and orders, so as to make them conformable to law and justice; and to amend its own records, so as to make them conform to the truth." Civil Code (1910), § 4644 (6); *Jordan* v. *Tarver*, 92 *Ga.* 379 (17 S. E. 351); *Wallace* v. *Cason*, 42 *Ga.* 436 (2). The bond on its face was insufficient to require the defendant's appearance at the court which forfeited it, and, the judgment not conforming the truth, in reciting the existence of a proper bond, the court was not bound to refuse the relief merely because of neglect by the movants in not defending against the forfeiture, prior to the judgment absolute. This ruling is not in conflict with *White* v. *Brown*, 12 *Ga. App.* 275 (77 S. E. 105), or *Coffin* v. *Dorsey*, 27 *Ga. App.* 131 (3) (107 S. E. 564), in each of which, as shown by the record of file, the motion was made after the term when the judgment was rendered; nor with *Brooks* v. *Hardwick*, 27 *Ga. App.* 762 (110 S. E. 41), in which, although the motion was filed during the term, no question was presented involving the inherent power of the court to correct its

judgment to make it speak the truth, or invoking an exercise of discretion, but which dealt merely with an amendable defect in the pleadings. See *East Tenn. &c. Ry. Co.* v. *Green*, supra.

7. The objection of the plaintiff in error, that the amendment referred to in the preceding paragraph set up a new cause of action, and for that reason should not have been allowed, is not argued in the brief filed in its behalf, and is treated as abandoned. The amendment, being dealt with as made without objection, relates back to the filing of the motion.

8. The provision of section 960 of the Penal Code (1910), that " after forfeiture, and before final judgment, the bail may, at any time, surrender their principal, upon payment of all costs accruing up to that time," does not require the payment of the accrued costs as a condition precedent to maintaining a motion to vacate a judgment absolute based upon the ground that the bond was insufficient to require the defendant's appearance. If this provision does more than merely to fix a liability for costs against the sureties upon such surrender of their principal (*Ward* v. *Colquitt*, 62 *Ga.* 267 (2)), it has no application where there was never any liability upon the principal to appear, or upon the sureties to produce him, at the court which had forfeited the purported bond.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 27, 1923.

Forfeiture of recognizance; from Walker superior court — Judge Wright. July 1, 1922.

*E. S. Taylor, solicitor-general, J. F. Kelly,* for plaintiff.

*Maddox, Lipscomb & Matthews, R. M. W. Glenn,* for defendant.