24383.   ALLISON *v.* GARBER.

DECIDED JANUARY 7, 1935.

*Louis M. Tatham, Louis A. Burton,* for plaintiff.
*McElreath & Scott, J. Lon Duckworth,* for defendant.

SUTTON, J.   Plaintiff sued in the municipal court of Atlanta to recover a sum paid to the defendant as a "binder" or "earnest money." On January 30, 1930, plaintiff and defendant entered into an oral contract by the terms of which, it is alleged, the plaintiff agreed to purchase certain real estate of the defendant in the event the defendant could convey to her an unencumbered good and merchantable title thereto, provided that the Atlanta Title & Trust Company was willing to insure the title thereto. Defendant demanded that the plaintiff deposit with him $25 as "earnest money" to bind the above agreement, which the plaintiff did. In

the event the plaintiff purchased the property the $25 was to be applied upon the purchase-price, but if the defendant could not convey a clear title, or if the title company refused to insure the title thereto, then such sum was to be refunded to plantiff. Plaintiff further alleged that the defendant was unable to deliver such real estate free from defects and liens and that the title company refused to insure the title. Thereupon the plaintiff declined to purchase the property and requested the return of the "earnest money," which the defendant refused to return. Defendant denied the allegations of the petition and averred that he was able to convey to plaintiff a good and merchantable title.

The case came on for trial in its regular order, and neither the defendant nor his counsel being present, judgment was rendered in the plaintiff's favor on December 12, 1933. On December 21, 1933, during the term of court at which the judgment was rendered, the defendant filed a petition therein to set it aside, in which he alleged in substance that neither he nor his counsel knew that the case was on the trial calendar, that the defendant believed that the judgment was rendered without proper proof of the allegations of the petition, and that the defendant had a good defense to the case, and that, therefore, the judgment should be vacated and he be allowed to have a hearing on the defense filed by him. A rule nisi was issued thereon, and was served upon the plaintiff.

The plaintiff demurred to the foregoing petition for the reason that it contained no legal grounds for vacating the judgment, in that it was not alleged what proof was offered at the trial of the case and what amount and kind of proof would have been proper, and also because the allegation of the petition that the defendant had a good defense was a conclusion, and the defendant should set out the facts constituting his alleged defense. The trial judge overruled this demurrer and entered up judgment vacating and setting aside the judgment of December 12, 1933. To these rulings the the plaintiff excepted pendente lite.

Upon a second trial of this case, before the court sitting without a jury, judgment was rendered in the defendant's favor. The plaintiff made an oral motion for a new trial, and later amended her motion. The trial judge overruled the motion, and from this judgment the plaintiff appealed to the appellate division of the municipal court, where the judgment was affirmed, and the plaintiff

excepted and brought the case to this court for review of that judgment and of her exceptions pendente lite, error on which was assigned in the bill of exceptions in this case.

1. "Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate the same." "Such discretion will not be controlled unless manifestly abused." *Gaines* v. *Gaines,* 169 *Ga.* 432 (150 S. E. 645). The trial judge did not err in vacating the judgment in this case. The reasons set up by the defendant, (1) that he and his counsel did not know that the case was on the trial calendar, (2) that there was not sufficient evidence produced to warrant the rendition of the judgment, and (3) that he had a good defense to the suit which was filed in the case, were sufficient to allow the trial judge to exercise his discretion. *McMillan* v. *Barlon,* 18 *Ga. App.* 458 (89 S. E. 535); *Southern Cotton Oil Co.* v. *Taylor,* 18 *Ga. App.* 56 (88 S. E. 798); *Cooley* v. *Tybee Beach Co.,* 99 *Ga.* 290 (25 S. E. 691); *Phillips* v. *Phillips,* 124 *Ga.* 912 (53 S. E. 457); *Chero-Cola Bottling Co.* v. *Southern Express Co.,* 150 *Ga.* 430; *Davis* v. *Alexander,* 27 *Ga.* 479; *Wallace* v. *Cason,* 42 *Ga.* 435; *Jordan* v. *Tarver,* 92 *Ga.* 379 (17 S. E. 351).

2. Nothing herein ruled conflicts with *Georgia Railway & Electric Co.* v. *Hamer,* 1 *Ga. App.* 673 (58 S. E. 54), *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (90 S. E. 358), or *Jones* v. *Garage Equipment Co.,* 16 *Ga. App.* 596 (85 S. E. 940). This case is in harmony therewith. In the case under consideration notice was given to the plaintiff by the service upon her of the rule nisi that issued upon defendant's petition to set said judgment aside, the plaintiff then demurred to this petition, and the trial judge, after a hearing, passed an order vacating the judgment and reinstating the case upon the trial calendar.

3. While the evidence adduced upon the second trial of this case, which was also tried by a judge of the municipal court of Atlanta without the intervention of a jury, was conflicting, still it was sufficient to authorize the judgment in favor of the defendant.

4. The plaintiff sought a new trial upon the ground of certain newly discovered evidence. Attached thereto is the affidavit of the new witness, with the joint affidavit of the plaintiff and her counsel that they did not know of this evidence and could not have

discovered it by the exercise of due diligence. There is a supporting affidavit to the effect that the newly discovered witness is a man worthy of belief and that his associates are "good." The plaintiff and her attorney, in their affidavit, do not state the facts upon which they base the statement that they could not have discovered the new evidence by the exercise of due diligence, and the affidavit in support of the new witness does not set forth the names of the associates of the newly discovered witness, but merely states that his associates were "good." · In these circumstances, there was no error in refusing the plaintiff a new trial upon this ground. See *Morris Storage &c. Co.* v. *Wilkes,* 1 *Ga. App.* 721 (58 S. E. 232); *Wright* v. *Wright,* 25 *Ga. App.* 721 (104 S. E. 450); *Wheeler* v. *Salinger,* 33 *Ga. App.* 300 (9) (125 S. E. 888); *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175); *Williams* v. *State,* 34 *Ga. App.* 174 (128 S. E. 589).

5. It follows that the trial judge did not err in overruling the plaintiff's motion for a new trial, and that the judgment of the appellate division of the trial court sustaining the judgment of the trial court was not erroneous for any of the reasons assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*