GAMBLE, administrator, *v.* GAMBLE, *et al.*

DUCKWORTH, Chief Justice. 1. This is the third appearance of this case in the Supreme Court, the previous appearances being reported in *Gamble* v. *Gamble,* 193 *Ga.* 591 (19 S. E. 2d, 276), and in *Gamble* v. *Gamble,* 204 *Ga.* 82 (48 S. E. 2d, 540). On the second appearance, we affirmed a judgment sustaining a plea of res judicata based upon the judgment reviewed on the first appearance. The case is here now on exception to a judgment sustaining a plea of res judicata based upon the judgment affirmed on the second appearance. Counsel for the plaintiff in error admitted on the oral argument that the parties were identical and the land involved was the same, but contended that this is a different cause of action since different relief is sought. All relief in all cases depended upon a finding that the petitioner had some interest in the land, and the first judgment was to the effect that he had no interest therein. Therefore it is plain beyond any doubt whatever that the previous judgment bars this action, and it was not error to direct the verdict sustaining the plea and dismissing the action.

2. But error is assigned on the judgment overruling the demurrer to the

plea upon the ground that it was not verified. The petition was verified, and this would require verification of the plea. Code, § 81-401. This defect is amendable. *Ward* v. *Frick Co.*, 95 *Ga.* 804 (22 S. E. 899); *Rodgers* v. *Caldwell*, 122 *Ga.* 279 (50 S. E. 95); *Phillips* v. *Phillips*, 124 *Ga.* 912 (53 S. E. 457). Therefore—since we take cognizance of our decisions and thereby know that the former adjudications preclude the plaintiff in error (See Code, §§ 110-501, 101-504), since no injury was suffered by this error, and injury as well as error must appear (*Southern Cotton Oil Co.* v. *Thomas*, 155 *Ga.* 99, 117 S. E. 456; *Smith* v. *McWhorter*, 173 *Ga.* 255, 160 S. E. 250); since upon reversal an amendment to meet the demurrer would be allowable and a case thus made would demand a judgment sustaining the plea; and since this litigation has been pending since 1941, although it should have terminated with the first judgment—we will not order a new trial on account of the defect in the plea.

*Judgment affirmed. All the Justices concur, except Almand, J., who is disqualified.*

No. 17251. OCTOBER 9, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Robert B. Blackburn*, for plaintiff.

*Powell, Goldstein, Frazer & Murphy, Newell Edenfield*, and *James K. Rankin*, for defendants.