## McKenney *v.* Woodbury Banking Company.

Head, Justice. 1. The verdict directed by the court gave the defendant full credit for each of the three payments alleged to have been made, and supported by the defendant's testimony. The verdict as directed by the court was the most favorable to the defendant that could have been found by the jury. The bank's records, if considered by the jury, might have induced a finding that one or more of the payments asserted to have been made on the note were credited by the bank to the account of the defendant.

2. Neither the verdict nor the judgment made any reference to a special lien upon the property described in the deed to secure debt. This was, in effect, a ruling that the plaintiff was not entitled to a special lien upon the property by reason of the deed to secure debt. There is no exception to this judgment by the plaintiff, and there can be no further valid contention by it that its deed amounts to a special lien upon the property of the defendant. Code, § 110-501; *Gamble* v. *Gamble,* 207 *Ga.* 380 (61 S. E. 2d, 836). Under the rule that reversible error consists of both injury and error, the defendant can not complain of the rulings upon the demurrers, since the final judgment was limited to a finding as to the amount due upon the note.

*Judgment affirmed. All the Justices concur.*

No. 17654. Argued November 13, 1951—Decided January 16, 1952.

*G. A. Huddleston* and *G. C. Thompson*, for plaintiff in error.
*W. S. Allen, George C. Kennedy* and *Kennedy & Bulloch*,
contra.

Woodbury Banking Company filed a suit against H. L. Mc-
Kenney upon a promissory note dated June 30, 1932, in the sum
of $4529, due December 4, 1932, and bearing interest at 8 percent
per annum from maturity. It was alleged: The interest on the
note was paid through December 4, 1933, and no payments have
been made upon the principal thereof. On April 25, 1927, the
defendant executed his promissory note to the plaintiff in a
stated amount, which note was due September 1, 1928, and, on
the date of the execution of the note, the defendant executed his
deed to secure debt to certain described property. The deed to
secure debt was recorded in the office of the clerk of the superior
court of the county. The plaintiff is entitled to have a special
lien for the amount of its judgment on the note against the
property described in the deed to secure debt.

The prayers were for a judgment for the principal amount of
the note, and interest from December 4, 1933, at 8 percent per
annum; and that the judgment be declared a special lien on the
property described in the deed to secure debt.

Attached to the petition as an exhibit was a copy of the note,
executed June 30, 1932, in the amount of $4529, as described in
the petition. This note, in the body thereof, recites in part as
follows: "This note is for the same consideration described in
two deeds to secure debt executed and delivered by the under-
signed on the 21st of June, 1926 and 25th day of April, 1927 to
said bank, which deeds to secure debt are recorded in Deed
Book 14, page 80, and Deed Book 22, page 613, of the records
of the office of the Clerk of the Superior Court of Meriwether
County, Georgia. . . The original indebtedness secured by
said conveyance has not been paid, but said debt has been
extended, and said conveyance shall remain in full force in
respect to said debt as extended."

The defendant filed a demurrer to the petition, upon the
ground that the allegations clearly showed that title to the lands
described in the deed to secure debt had reverted to the defen-

dant. (Ga. L. 1941, p. 487). This demurrer was subsequently overruled by the court, and exceptions pendente lite to this ruling were duly filed.

The defendant in his answer admitted the execution of the note sued upon, in the amount of $4529, but he averred that the deed to secure debt was not of any force or effect, that title to the property had reverted to the defendant, and that the promissory note upon which the plaintiff sued had been fully paid. The manner of payment was described.

The plaintiff filed a demurrer to that part of the defendant's answer alleging that title to the property described in the deed to secure debt had reverted to the defendant, attacking the constitutionality of the act of 1941 (Ga. L. 1941, p. 487). This demurrer was sustained by the court. Exceptions pendente lite to this ruling were duly filed, and made a part of the record.

Upon the trial of the case the plaintiff introduced the note in evidence, and rested. The defendant testified that he had made three payments: one of $2000, one of $1626.32, and one of $1400. The defendant introduced in evidence the deed to secure debt from the defendant to the plaintiff, and certain other documentary evidence, consisting in part of certain records of the plaintiff.

At the conclusion of the evidence, the trial judge directed a verdict for the plaintiff in the principal amount of $2353.61, with $1779.30 interest to the date of the verdict, and judgment was rendered for the amounts set out in the verdict, with costs.

The defendant filed a motion for new trial on the general grounds, which was subsequently amended by adding one special ground, attacking the verdict directed by the court, "because there were conflicts in the evidence introduced upon the trial of said cause, and there were issues of fact that should have been submitted to the jury, and that evidence was introduced which would have authorized the jury to find a different verdict from that directed by the court."

The motion for new trial, as amended, was overruled. The bill of exceptions assigns as error the judgment overruling the motion for new trial, and the rulings on the demurrers.